RABON v. RABON

[102 N.C. App. 452 (1991)]

---

LILLIAN O. RABON, PLAINTIFF v. THOMAS O. RABON, DEFENDANT

No. 904DC436

(Filed 2 April 1991)

1. **Rules of Civil Procedure § 8.2 (NCI3d) — timeliness of answer — objection waived where answer relied upon**

   Plaintiff could not on appeal ask the court to rule in her favor based on defendant's untimely answer where plaintiff relied in the trial court on defendant's answer in asking the court to grant a divorce, and plaintiff by doing so impliedly consented to the late filing of defendant's answer.

   **Am Jur 2d, Appeal and Error §§ 563, 591; Pleading §§ 126, 356.**

2. **Rules of Civil Procedure § 41.1 (NCI3d) — equitable distribution — setting aside separation agreement — voluntary dismissal not appropriate**

   Where plaintiff filed a complaint seeking an absolute divorce, the setting aside of the parties' separation agreement and property settlement on the grounds of fraud and misrepresentation by defendant, and equitable distribution of the marital property, and defendant filed an answer joining

in the claims for absolute divorce and equitable distribution, the trial court could not grant plaintiff's motion for voluntary dismissal as to the claims for equitable distribution and setting aside the separation agreement, since the court did not have before it the parties' agreements and therefore could not determine if the agreements fully disposed of the property rights arising out of the marriage and thus barred an equitable distribution claim, or whether the equitable distribution claim was allowable and was not subject to voluntary dismissal because of defendant's "counterclaim" for equitable distribution.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 21, 22; Divorce and Separation § 836.**

3. **Divorce and Separation § 162 (NCI4th) — absolute divorce — equitable distribution claim — action to set aside separation agreement — judgment on the pleadings improper**

The trial court erred in allowing plaintiff's motion for judgment on the pleadings on the issue of equitable distribution where there was a factual issue as to whether separation and property settlement agreements fully disposed of the parties' marital property.

**Am Jur 2d, Divorce and Separation § 834; Pleading §§ 231-233.**

APPEAL by defendant from a judgment entered on 12 February 1990 by *Judge Leonard W. Thagard* in DUPLIN County District Court. Heard in the Court of Appeals 3 December 1990.

*Lana Starnes Warlick for plaintiff-appellee.*

*Fredric C. Hall for defendant-appellant.*

LEWIS, Judge.

The three issues in this case are whether the trial court erred: 1) in denying defendant's motion to set aside plaintiff's notice of voluntary dismissal, 2) in allowing the plaintiff's motion for judgment on the pleadings, and 3) in denying the defendant's motion to amend his pleadings to allege a counterclaim for equitable distribution.

The plaintiff and the defendant were married on 27 December 1959. They lived together until their separation on 13 July 1987.

The plaintiff and defendant entered into a written separation agreement and a property settlement dated 13 July 1987.

On 8 August 1988, the plaintiff filed a complaint seeking: 1) a divorce based on one year's separation, 2) the setting aside of the separation agreement and property settlement on the grounds of fraud and misrepresentation by the defendant, and 3) equitable distribution of the marital property. The defendant filed an untimely answer admitting the allegations concerning the divorce, but denying allegations with respect to fraud and misrepresentation. Defendant also joined in plaintiff's prayer for relief for an absolute divorce and equitable distribution.

On 29 December 1989, the plaintiff filed a notice of voluntary dismissal as to both her claim for equitable distribution and her request to have the court set aside the separation agreement and property settlement. On 5 January 1990, the plaintiff filed a motion for judgment on the pleadings pursuant to N.C.G.S. § 1A-1, Rule 12(c).

In response to the plaintiff's motions, the defendant filed a motion to set aside plaintiff's voluntary dismissal on 5 January 1990. On 23 January 1990, defendant also filed a motion for leave to amend his answer by adding a formal counterclaim for equitable distribution. After hearing arguments, the trial court entered an order granting the plaintiff's motion for judgment on the pleadings, awarding the plaintiff an absolute divorce, and denying the defendant's motions to set aside plaintiff's voluntary dismissal and to amend defendant's pleading.

First

The first issue before this Court is whether the trial judge erred in denying the defendant's motion to set aside the plaintiff's voluntary dismissal. N.C.G.S. § 1A-1, Rule 41(a) allows a plaintiff to take a voluntary dismissal without a court order "by filing a notice of dismissal at any time before the plaintiff rests his case. . . ." The defendant argues, however, that *McCarley v. McCarley*, 289 N.C. 109, 221 S.E.2d 490 (1976), is controlling in this case and requires the court to set aside the plaintiff's voluntary dismissal.

[1] First, as a preliminary matter, we note that the plaintiff argues the defendant's answer was untimely, and thus, should not be considered. Although the plaintiff mentioned the untimeliness of the defendant's answer when arguing his motions to the trial court, the plaintiff relied on the defendant's answer in asking the court

to grant the divorce. The plaintiff, by doing so, impliedly consented to the late filing of the defendant's answer. *See Ingle v. Ingle*, 53 N.C. App. 227, 232, 280 S.E.2d 460, 463 (1981). Therefore, the plaintiff may not now, on appeal, ask the court to rule in its favor based on the defendant's untimely answer. The defendant's answer will be treated as though it was timely.

[2] In *McCarley*, the plaintiff filed an action for absolute divorce. The defendant responded in his answer by admitting the allegations in the complaint and prayed also for divorce. The plaintiff then filed a notice of voluntary dismissal. The defendant moved to have the voluntary dismissal set aside. The court granted the defendant's motion.

In *McCarley*, the North Carolina Supreme Court agreed with the trial court's ruling. The court stated that the defendant's answer was, in effect, a counterclaim "seeking affirmative relief and arising out of the same transactions alleged in the complaint." *McCarley v. McCarley*, 289 N.C. at 113, 221 S.E.2d at 493. Thus, the court held that it would be manifestly unjust to allow the plaintiff to withdraw his original allegations without the consent of the defendant. *Id.*

N.C.G.S. § 50-20(a) states that "[u]pon application of a party, the court . . . shall provide for an equitable distribution of marital property between the parties. . . ." There is no specific requirement in the statute regarding the correct manner in which to plead a claim for equitable distribution. In this case, the defendant joined in the plaintiff's prayer for equitable distribution in his answer. "Failure to label the affirmative allegations as a counterclaim is, of course, not fatal if they sufficiently support a claim for relief." *McCarley v. McCarley*, 289 N.C. at 114, 221 S.E.2d at 494 (citation omitted). As in *McCarley*, the defendant's answer was, in effect, a counterclaim. In this case, the defendant sought equitable distribution. However, here the original request by the plaintiff in her complaint was that she asked the court to set aside a separation agreement and property settlement based on fraud which the defendant denied; in *McCarley*, the plaintiff in her original complaint asked the court to enter a divorce based on one year's separation.

Under our present law, if a court finds that a separation agreement fully disposes of the parties' rights arising out of the marriage, the court may not set aside the separation agreement and property settlement, absent fraud or misrepresentation. A separa-

tion agreement and property settlement entered into by the parties which fully disposes of the property rights arising out of a marriage acts as a bar to equitable distribution. *Hagler v. Hagler*, 319 N.C. 287, 295, 354 S.E.2d 228, 235 (1987).

Unless both parties legally consent to rescinding the agreement, the court is without the power to discard valid contracts between the parties and to order equitable distribution. The parties in this case did not rescind the separation agreement and property settlement, nor were there any findings of fraud or misrepresentation. Here, the parties admitted to the existence of the agreements, but the agreements were not presented to the court.

*McCarley* pronounced a general rule that when a defendant sets up a claim for affirmative relief against a plaintiff arising out of the same transactions alleged by the plaintiff, the plaintiff cannot take a voluntary dismissal without the consent of the defendant. In this case, the plaintiff's original claim may have been barred by law. If the court finds that the agreements fully disposed of the parties' rights arising out of the marriage, and thus bar an equitable distribution claim, the court would not be bound to apply the rule addressed in *McCarley*.

The trial judge did not have the agreements before him so that he could determine if the agreements fully disposed of the property rights arising out of the marriage. We hold, therefore, that the judge could not grant the plaintiff's voluntary dismissal without this information. Although the judge specifically found that the agreements fully disposed of the parties' marital property, there was no evidence to support such a finding. We remand this case for a determination of whether, in fact, the separation agreement and property settlement fully disposed of the property rights arising out of the marriage.

## Second

[3] The next issue before this Court is whether the trial court properly allowed plaintiff's motion for judgment on the pleadings, pursuant to N.C.G.S. § 1A-1, Rule 12(c). The defendant contends that the plaintiff failed to plead the existence of the separation agreement as an affirmative defense and that the plaintiff did not meet her burden of proving that there was no marital property subject to equitable distribution.

N.C.G.S. § 52-10(a) provides that a contract between spouses which releases rights acquired by marriage "may be pleaded in bar of any action or proceeding for the recovery of the rights and estate so released." In plaintiff's original complaint, the plaintiff acknowledged the existence of the separation agreement and property settlement in her second cause of action and in her prayer for relief. The defendant admitted the existence of the agreements in his answer. Although the plaintiff took a voluntary dismissal as to the setting aside of the separation agreement and her equitable distribution claim, the plaintiff and defendant do not dispute in their pleadings that they entered into a separation agreement and property settlement. We hold that the pleadings were sufficient to satisfy N.C.G.S. § 52-10(a).

The trial court expressly found in its order that: the separation agreement and property settlement "dated July 13, 1987 fully disposed of the parties' property rights arising out of the marriage." However, the trial judge did not view the separation agreement or the property settlement to ascertain whether the agreements disposed of all property rights of the parties. Under N.C.G.S. § 1A-1, Rule 12(c), a party moving for judgment on the pleadings must show that no material issue of fact exists and that he or she is clearly entitled to judgment. *Newbold v. Globe Life Ins. Co.*, 50 N.C. App. 628, 629, 274 S.E.2d 905, 906 (1981) (citation omitted). Whether the agreements fully disposed of the parties' marital property is a factual issue that could only be determined by examining the agreements. Therefore, we hold that the trial court erred in allowing plaintiff's motion for judgment on the pleadings.

### Third

The last issue before the Court is whether the trial court erred in denying the defendant's motion to amend his pleadings to allege a counterclaim for equitable distribution. As we held the defendant's initial answer was in effect a counterclaim which was sufficient to state a claim for equitable distribution, we need not address this issue.

Reversed and remanded for the trial court to determine if the agreements fully disposed of the parties' property rights arising out of the marriage.

Chief Judge HEDRICK and Judge WYNN concur.