PATSEY McNEILL INGLE v. DONALD WILLIAM INGLE

No. 8019DC1158

(Filed 21 July 1981)

1. Divorce and Alimony § 24.1— child support—insufficiency of findings

Where the trial court failed to make findings as to the actual needs of the parties' minor child or the expenses of the parties, its order directing child support payments was erroneous.

2. Divorce and Alimony § 25.4— child custody—award to father proper

The trial court did not err in concluding that it would be in the best interest of the parties' minor child for her custody to be placed with defendant where, pursuant to the parties' separation agreement, plaintiff gave defendant custody of the child and agreed to assist with medical and dental bills on behalf of the child; the child had lived with defendant at all times since her birth and lived solely with defendant since the parties' separation; plaintiff rarely visited the child following the parties' separation; and plaintiff admitted that defendant had "done a good job of looking after the child since [their] separation."

3. Divorce and Alimony §§ 24, 25— child custody and support

The trial court did not err in ordering that defendant receive custody of the parties' child, that plaintiff receive specified visitation privileges, and that defendant, as custodial parent, be the final authority on decisions regarding the child; however, the trial court did err in ordering that defendant claim the child as a dependent for income tax purposes because plaintiff's payments would not constitute one-half the amount required to support the child, since there was no evidence to support such conclusion.

APPEAL by plaintiff from *Hammond, Judge.* Order entered 31 July 1980 in District Court, RANDOLPH County. Heard in the Court of Appeals 26 May 1981.

Plaintiff instituted this civil action against defendant by filing a complaint on 12 June 1980 seeking custody of the parties' minor child, child support and attorney's fees. In his answer and counterclaim, defendant alleged that in a prior separation agreement, dated 8 August 1979 and signed by the parties, the parties stated that they had separated on 5 August 1979 and that defendant would have the "exclusive care, custody, control, maintenance and tuition" of the minor child. Plaintiff further agreed to assist defendant with the purchase of the child's clothing and with any of the child's medical and dental bills. No specified amount of child support was indicated in this agreement. Defendant also sought an order awarding him custody of the minor child, child support, and attorney's fees.

At a hearing on 31 July 1980, the court considered both parties' requests for custody and child support and awarded defendant custody of the child. The court further ordered plaintiff to pay into the Office of the Clerk of Superior Court of Randolph County $25 per week as child support, two-thirds of all uninsured medical expenses incurred by the child, and one-half of any of the child's orthodontic expenses. Plaintiff was awarded detailed visitation privileges. Plaintiff appealed.

*Ottway Burton, for plaintiff appellant.*

*Ivey and Mason, by William W. Ivey, for defendant appellee.*

HEDRICK, Judge.

Plaintiff has brought forward all four of her assignments of error on appeal. By her first assignment of error, she argues that "[t]here were no circumstances existing in the evidence offered to justify the presiding judge to enter an order compelling the plaintiff-mother to provide the majority support for the child." This assignment of error is based upon exceptions to the following findings of fact made by the court:

3. That the plaintiff and defendant lived together as husband and wife until August 5, 1979, when the plaintiff left the family home of her own volition, leaving a note for the de-

Ingle v. Ingle

fendant stating that he was to care for the minor child; thereafter the plaintiff and defendant entered into a separation agreement wherein the defendant received custody of Cheryl Kay Ingle, minor child born of the marriage between the plaintiff and defendant, and wherein the plaintiff agreed to assist with the support of the minor child.

4. That the minor child has lived with the defendant at all times since her birth and has lived solely with the defendant since August 5, 1979; that the defendant has been a good custodial parent, has provided care for the minor child at a day care center or with relatives while he works, and has kept the child clean and cared for.

5. That following the separation of the plaintiff and defendant, the plaintiff did not visit with the minor child for approximately eight weeks, and following that single visit, did not visit with the minor child for an additional six weeks; that the plaintiff and defendant have recently had problems regarding the plaintiff's visitation with the minor child.

6. That both the plaintiff and defendant are gainfully employed; that the plaintiff is employed at Walker Shoe Company and earned approximately $8,000.00 in 1979 and currently takes home $125.00 per week; that the defendant is employed at Dixie Furniture and earned in excess of $11,000.00 in 1979; that the defendant is not receiving full-time work at the present and in fact is working one-half time.

7. That the child has the normal needs of food, clothing, and shelter, and is required to have day care at least five days per week while the defendant is working; that the plaintiff has the ability to pay $25.00 per week for the support of her minor child, and in addition, is fully capable of assisting with the medical expenses incurred on behalf of the minor child.

8. . . . [I]t is in the best interest of the minor child for her custody to be placed with the defendant, subject to reasonable visitation rights of the plaintiff.

Before discussing these findings of fact, we note that the court specifically concluded in the order that plaintiff was not providing

one-half or more of the child's support. Plaintiff's argument that she is providing the majority of support, therefore, is groundless.

As to the excepted findings, Finding of Fact No. 3 is clearly supported by plaintiff's testimony and the separation agreement. Finding of Fact No. 4 is also supported by plaintiff's testimony. She specifically testified that the child had remained with defendant "at all times since the separation." She also admitted, "My husband has done a good job of looking after the child since our separation." The testimony of defendant more than amply supports Finding of Fact No. 5. Finding of Fact No. 6, concerning the parties' incomes, is adequately supported by the evidence of both parties. Defendant testified that he takes home about $117 a week after taxes as opposed to plaintiff's weekly take home pay of about $125.

[1] As to Finding of Fact No. 7, it is uncontested that defendant has incurred day care expenses. The record on appeal, however, is silent as to the amount of these expenses or as to any other expenses or needs of the child. G.S. § 50-13.4(c) provides:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case.

Since the court failed to make findings as to the actual needs of the child or the expenses of the parties, its order directing support payments was erroneous. *Poston v. Poston,* 40 N.C. App. 210, 252 S.E. 2d 240 (1979). Moreover, even it the court had made such findings, the record contains insufficient evidence to support them, especially since defendant testified that with his present income he is capable of supporting himself and the child.

[2] By her second assignment of error, plaintiff contends that the court erroneously concluded that it would be in the best interest of the minor child for her custody to be placed with defendant and that plaintiff owes a duty of child support in the sum of $25 per week plus assistance with medical expenses. For the reasons stated above, we overrule the award of child support payments. The previously discussed findings of fact and evidence

do, however, support the court's award of custody to defendant. In the prior separation agreement plaintiff gave defendant custody of her child and agreed to assist with any medical and dental bills on behalf of the child. We concede that this Court is not bound by these provisions. In such a situation the Court shall retain its inherent as well as statutory authority to protect the interest and provide for the welfare of the minor. "The court may, of course, recognize and enforce the agreement of the parents when, in its opinion, the agreement is for the best interest of the child." 2 Lee, N.C. Family Law, § 189, p. 480 (4th Ed. 1980). "The question of custody is one addressed to the trial court and its decision will be upheld if supported by competent evidence. [Citations omitted]" *Roberts v. Short*, 6 N.C. App. 419, 422, 169 S.E. 2d 910, 913 (1969). Furthermore, the evidence and the court's findings of fact support defendant's continued custody of the child, especially since plaintiff admitted that defendant "has done a good job of looking out after the child since our separation."

[3] By her third assignment of error, plaintiff contends that the trial court erroneously ordered that defendant receive custody of the child; that plaintiff receive specified visitation privileges; that defendant claim the child as a dependent for income tax purposes since plaintiff's payments will not constitute one-half of the amount required to support the child; that defendant, as custodial parent, shall be the final authority on decisions regarding the child; and that plaintiff pay the costs in this matter. Plaintiff argues that the findings of fact and conclusions of law do not support the court's decision. We have already concluded that the evidence supports the custody award. In awarding visitation privileges to plaintiff, the court established the time, place and conditions under which these privileges would be exercised. The court awarded plaintiff liberal visitation rights and clearly did not abuse this judicial function. We are also of the view that the court did not abuse its discretion in ordering that defendant shall have the final authority on decisions regarding the child after consulting with plaintiff as far as practicable, *see In re Custody of Stancil*, 10 N.C. App. 545, 179 S.E. 2d 844 (1971), or in ordering plaintiff to pay costs.

We agree with plaintiff, however, that the court erroneously ordered that defendant was entitled to claim the child as a dependent for income tax purposes, since there was no evidence to

support the conclusion that plaintiff's child support payments constitute less that one-half the amount required to support the child. We reiterate that no evidence was presented as to the expenses incurred for the needs of the child.

Plaintiff finally assigns error to the signing and entry of the 31 July 1980 order since the order was based upon an invalid "Answer and Counterclaim" filed by defendant. She points out that she filed her complaint on 12 June 1980. She served a Notice of Temporary Order on 13 June 1980 informing defendant that a hearing on her custody and support requests would be conducted 7 July 1980. On 1 July 1980 defendant filed a motion requesting that this hearing be continued. A copy was mailed to plaintiff's attorney on the same date. Plaintiff contends in her brief that this motion was allowed and the hearing was reset for 31 July 1980. No order to this effect is in the record on appeal. On 30 July 1980 defendant filed and served his answer and counterclaim. On the following day the hearing was held before Judge Hammond. Plaintiff contends that no order extending the time to file answer was ever signed by a clerk or judge pursuant to Rule 6(b) of the Rules of Civil Procedure and that she never consented to a late filing of the answer. For these reasons, she argues, defendant's pleadings were invalid. We do not agree. Plaintiff impliedly consented to the late filing of defendant's answer and counterclaim since it appears from the record that plaintiff did not object to this late filing before the hearing nor did she request a continuance. She cannot raise this issue for the first time on appeal. This assignment of error is without merit.

The result is:

The portion of the order awarding defendant custody of the minor child is affirmed. That portion ordering plaintiff to pay weekly child support payments of $25 is vacated and remanded to the District Court of Randolph County with instructions that the court shall hear such competent evidence as the parties may offer and make such findings and conclusions relating to the expenses and needs of the child and any support payments by plaintiff as are appropriate.

Affirmed in part and vacated and remanded in part with directions.

Judges MARTIN (Harry C.) and WELLS concur.