CHRISTINE O'NEAL, FORMERLY CHRISTINE O'NEAL WYNN v. JON B. WYNN

No. 822DC1063

(Filed 20 September 1983)

1. **Divorce and Alimony § 24.5— child support—consent judgment—modification for changed circumstances**

   Where the trial court adopted a consent judgment for child support as its own determination of the rights of the parties, the judgment is subject to modification under G.S. 50-13.7(a) upon a showing of changed circumstances.

2. **Divorce and Alimony § 24.7— modification of child support order—changed circumstances**

   The trial court did not err in reducing the amount of child support which a court order required defendant father to pay from $275.00 per month to $150.00 per month where the court found that, although the needs of the child remained unchanged, defendant is unable to contribute more than $150.00 per month for child support due to his present financial condition, and such amount is a reasonable sum considering the estates, earnings, conditions and customary standard of living of the child and the parties, and where this finding was supported by evidence that defendant's income has decreased because of the loss of his job as an air traffic controller when he refused to cross a picket line, defendant has borrowed substantial sums in operating a motel and a bar, the motel and bar have both lost money, and plaintiff mother's income has increased substantially.

   Judge HEDRICK dissenting.

APPEAL by plaintiff from *Ward, Judge.* Judgment entered 13 May 1982 in District Court, HYDE County. Heard in the Court of Appeals 30 August 1983.

The parties heretofore entered into a consent order resolving their differences as to child custody and support. The defendant father violated the terms of the consent order by failing to make timely support payments and to provide medical insurance coverage. At the instance of the wife, the Clerk of Superior Court issued a show cause order to defendant father, who then moved the court to modify the provision of the 1976 order relating to support, custody, and medical insurance. The plaintiff appeals an order entered by the trial judge modifying the 1976 order and refusing to find defendant in contempt.

*George Thomas Davis, Jr., for the appellant.*

*Carter, Archie & Hassell, by Sidney J. Hassell, for appellee.*

HILL, Judge.

On 17 November 1976 plaintiff and defendant attempted to settle their differences with respect to their marital separation by consenting to a judgment of the court. Findings of fact included in the judgment determined that at the time the parties entered into the consent judgment the defendant was earning approximately $20,000.00 as an air traffic controller, and the plaintiff was earning approximately $3,600.00 per year. The consent order provided that defendant pay $275.00 per month for the use and benefit of the minor child. The order further directed the defendant to continue to maintain his major medical insurance on the child. In addition, the court entered the order "as its own judgment" and provided that the order be enforceable as for contempt of court.

Both the plaintiff and defendant have married other parties subsequent to the entry of the 1976 order. One child has been born to the defendant and his second wife, and another was expected near the end of June, 1982.

On 1 February 1981 the defendant and other members of his family formed a partnership to acquire and operate a motel known as "The Boyette House." The partnership borrowed $210,000.00 to acquire the property. The operator has lost money since its inception.

During the summer of 1981 the Air Traffic Controllers Union went on strike. Although the defendant was not a member of the Union, he refused to cross the picket line and was fired for failing to report to work. Defendant thereupon reduced his child support payments. Defendant and his second wife moved to Ocracoke, North Carolina, borrowed $60,000.00, and purchased a tract of land on which they opened a tavern and dance hall in March 1982. From August 1981 to May 13, 1982, defendant was paid $300.00 by the Boyette House and approximately $250.00 from the tavern.

Plaintiff earned approximately $10,523.12 in 1981, working at the North Carolina Ferry Terminal and as a waitress. She purchased a Blue Cross and Blue Shield hospital policy on the child when defendant let his policy lapse.

Plaintiff instituted a show cause order directing the defendant to show cause why he should not be held in contempt for reducing his payments and allowing the insurance coverage on the child to lapse. Defendant moved to modify the 1976 order. The trial judge found as a fact that the defendant had no significant assets which were not heavily encumbered; that the needs of the child exceed $275.00 per month, but due to the financial condition of the defendant he was unable to contribute more than $150.00 monthly for the support of the child. The trial judge further found that the defendant had suffered a substantial change of circumstances through the loss of his job and his financial involvement with the Boyette House and the ¾ Time Tavern, entitling defendant to have his payments for child support reduced from $275.00 per month to $150.00 and to permit the medical insurance policy he had carried on the child to lapse.

[1] Plaintiff-appellant argues the trial court may not decrease child support obligations established by a consent order, citing *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964) which holds that the ordinary rules governing the interpretation of contracts apply to separation agreements, and the courts are without power to modify them. Appellant's argument is misplaced. The trial judge entered the judgment as its own judgment, albeit with the consent of the parties, and specifically provided for the enforcement of the order by its contempt power. *See Henderson v. Henderson*, 55 N.C. App. 506, 286 S.E. 2d 657 (1982), *aff'd*, 307 N.C. 401, 298 S.E. 2d 345 (1983). Since the court adopted the judgment as its own determination of the rights of the parties, the judgment is subject to modification under G.S. 50-13.7(a) upon a showing of changed circumstances. *Dishmon v. Dishmon*, 57 N.C. App. 657, 292 S.E. 2d 293 (1982).

[2] Appellant next argues the District Court may not reduce the amount of child support without having before it any evidence of, or making any findings concerning the present needs of the child. We are aware the court generally modifies the child support provisions of an order only when it has before it evidence that there has been a substantial change in circumstances affecting the welfare of the child. *Ebron v. Ebron*, 40 N.C. App. 270, 252 S.E.

2d 235 (1979). The court made findings to the effect that the reasonable needs of the child for her health, education, and maintenance exceed $275.00 per month, the exact finding heretofore made by the trial judge in the 1976 order. However, the judge further found:

> 32. That due to his present financial condition, the Defendant is unable to contribute more than $150.00 per month for the support of said child, and this is a reasonable sum considering the estates, earnings, conditions and customary standards of living of the *child* and the parties.

This finding is substantiated by evidence of appellee's decrease in income by loss of his job, the debts he assumed voluntarily in operating a motel and bar, and the increased income of the appellant. Nothing in the record tends to show the appellee has willfully suppressed his income. Rather appellee has exerted efforts to engage in two lawful businesses and appears to have given the enterprises his best. In determining a station in life for the child, the court not only considers the needs of the child but also the abilities of the parents to provide those needs. *Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978). Here the court acknowledged the needs of the child as unchanged, but found the ability of the appellee to pay had decreased substantially. The findings of the court are supported by the evidence and binding on appeal. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). This assignment is overruled.

Appellant next argues the appellee may not use the facts that he lost his job, by participating in a strike, or that he incurred three substantial debts as a basis of changed circumstances justifying a reduction in his child support obligations. We disagree. Appellee testified he did not go on strike, but refused to run a picket line. Appellee was not a Union member. As a result of appellee's failure to present himself for work, he was notified that his employment was terminated. He has not been charged with any crime related to his dismissal.

Appellee's only job training was as an air traffic controller. He could find no other work as such, and went into business for himself, incurring substantial indebtedness. His incurrence of

debt is a normal incidence to the entry of business. Absent a finding that appellee is deliberately depressing his income or otherwise acting in a deliberate disregard of his obligation to provide reasonable support for his child, his ability to pay child support is determined by his actual income at the time the award is modified. *See Goodhouse v. DeFravio*, 57 N.C. App. 124, 290 S.E. 2d 751 (1982).

Lastly, the appellant points to the valuable assets owned by the appellee, and contends some of appellee's equity could be used to support the child. Appellant's contention is not supported under the facts of the case. Appellee is part owner in the Boyette House and full owner with his second wife in the ¾ Time Bar, and has incurred debts in acquiring them. Both are new businesses; both have operated at a loss since opening. This is hardly a source of quick income and is questionable as collateral for a loan to meet a child support obligation.

Affirmed.

Judge HEDRICK dissents.

Judge WEBB concurs.

Judge HEDRICK dissenting.

In my opinion, the record does not support the judge's order reducing the defendant's payment for the support of his child.