ELOISE B. QUICK (GRIFFITH) v. CLYDE C. QUICK

No. 8326DC443

(Filed 3 April 1984)

1. **Divorce and Alimony § 24.7 — increase in child support — sufficiency of evidence and findings**

   The evidence and findings supported the trial court's order requiring defendant father to increase his child support payments from $130 per month to $320 per month.

2. **Divorce and Alimony § 27 — increased child support — erroneous order of attorney fees**

   The trial court erred in ordering defendant to pay a portion of plaintiff's attorney fees in a proceeding to increase child support where the court made no findings of fact that plaintiff had insufficient means to defray the costs of the proceeding, and where the court's other findings indicated that plaintiff had sufficient means to defray the costs of the suit and to employ adequate counsel.

APPEAL by defendant from *Todd, Judge.* Order entered 23 November 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 8 March 1984.

*Perry, Patrick, Farmer & Michaux by Roy H. Michaux, Jr., for plaintiff appellee.*

*Reginald L. Yates for defendant appellant.*

BRASWELL, Judge.

[1]  The question presented by this appeal is whether the trial court's order requiring defendant to pay increased child support and a portion of plaintiff's attorney's fees is supported by the findings of fact. We find no error in the award of increased child support, but we do find error in the award of attorney's fees.

The parties were divorced in September 1972, one month before their only child's fifth birthday. When the child was two and one-half years old the parties separated and executed a separation agreement in which defendant agreed to pay $130 per month child support. On 6 October 1982, plaintiff filed a motion in the cause seeking an increase in child support and attorney's fees. A hearing on the motion was held on 16 November 1982, and an order requiring defendant to pay $320 per month child support and a portion of plaintiff's attorney's fees in the amount of $350 was entered on 23 November 1982. In support of its order, the trial court made the following unchallenged pertinent findings of fact:

1. The plaintiff and the defendant were formerly husband and wife and are the parents of a minor child, Tammie Lee Quick, who was born on October 21, 1967.

2. The plaintiff and the defendant separated in March of 1970. In June of 1970, they entered into a written "Deed of Separation" and the minor child of the parties has been in the custody of the plaintiff since the parties separated.

3. Paragraph 3 of the aforementioned Deed of Separation provided for the defendant to pay to the plaintiff the sum of $130.00 per month commencing on the 1st day of July, 1970 and on the 1st day of each month thereafter for the use, benefit and support of the minor child.

4. Although the defendant has on occasion been in arrears in the payment of child support, the support called for under the agreement is current through the month of October of 1982. No payment has been made for the month of November and this amount was due on November 1, 1982.

5. At the time of the Deed of Separation in June of 1970, the minor child born of the parties was approximately two

and one-half years old and the sum of $130.00 per month was an amount which was reasonable to cover her needs as they existed at that time.

6. The minor child born of the parties was 15 years old on October 27, 1982 and the support called for in the Deed of Separation is not adequate to meet the reasonable needs of such child which now average $853.62 per month.

7. For the year ending December 31, 1981, the defendant had a gross income of $23,839.00 and after the payment of state income tax and approximately one-half of the federal income tax paid by him and his present wife, the defendant had an after tax income of $19,378.50 or $1,614.88 per month.

8. Through October 13, 1982, the defendant has been paid a gross salary of $21,338.10. He is paid $969.24 twice each month and will receive five additional salary checks in 1982 for $969.24 each or $4,846.20 which will increase his 1982 gross earnings to $26,184.30.

9. Since the divorce of the parties, the defendant has remarried. His wife had a gross income in 1981 of $21,270.00 and both of them remain employed at the same places. The defendant has reasonable living expenses of $1,576.27 per month, the greatest portion of which includes expenses for housing and utilities for him and his wife.

10. The plaintiff is employed and had a gross income in 1981 of $16,995.73 from which she pays for medical and dental insurance on her minor child.

11. The plaintiff's gross income for the year 1982 will be just under $21,000.00. The plaintiff has remarried and her husband's income for 1982 will be approximately in the same amount although he pays child support for one child by a prior marriage in the amount of $345.00 per month.

12. Although the defendant has been requested on several occasions since 1974 to increase the amount being paid to the plaintiff for child support, he has refused to do so. After several discussions during the year 1982 with plaintiff's counsel, the defendant, in late August and early September of 1982 authorized that an agreement be drawn for an in-

crease in child support which was prepared and sent to him. The defendant never responded to the agreement and never made any offer for any increase in the amount being paid for the support of his child.

Defendant's contention that the court erred in ordering defendant to pay $320.00 per month child support because there were no findings of fact as to plaintiff's ability to provide for the support of the child, as to plaintiff's reasonable living expenses, and as to defendant's ability to pay child support has no merit. Defendant is apparently concerned that plaintiff is not providing her share of the child's support. The order, however, indicates that defendant was ordered to pay $320.00 per month which is less than one-half of the child's unchallenged reasonable average monthly needs of $853.62. Plaintiff, therefore, is providing more than one-half of the child's average monthly needs. The court did make findings as to plaintiff's ability to pay, as evidenced by findings of fact numbers ten and eleven. The court also made findings as to defendant's ability to pay, as evidenced by findings of fact numbers seven through nine, and as to his monthly expenses, which can be met with the $21,270.00 annual income of his new wife, with whom most of the expenses are jointly incurred.

[2] The trial court did err, however, in ordering defendant to pay a portion of plaintiff's attorney's fees without making findings of fact that plaintiff has insufficient means to defray the costs of the proceedings. Before a court can award attorney's fees to an interested party under G.S. 50-13.6 in a motion in the cause proceeding for a modification of child support, the court must make the following three findings of fact: (1) the party is acting in good faith [here, there is such a conclusion of law in the order, but no such finding of fact]; (2) the party has insufficient means to defray the expenses of the suit; and (3) the party ordered to pay support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. *Hudson v. Hudson,* 299 N.C. 465, 263 S.E. 2d 719 (1980). For an interested party to have insufficient funds to defray the expense of suit, he or she must be unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant. *Id.* at 474, 263 S.E. 2d at 725.

In *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972), the Supreme Court vacated an award of counsel fees to the dependent spouse where the dependent spouse had $141,362.50 in stocks and bonds and an annual income of $2,253.00 therefrom, and the supporting spouse had stocks and bonds worth $677,637.27 and a net annual income of $17,657.84. The Court stated that an award of counsel fees was clearly not necessary to enable the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially equal terms, by making it possible for her to employ adequate counsel. The Court reached the same conclusion and result in *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980) and *Hudson, supra*. In *Williams*, the dependent spouse had a net worth of $761,975.00 and an annual gross income of $22,000.00, while the supporting spouse had a net worth of $870,165.00 and an annual gross income of $116,660.00. And in *Hudson*, the dependent spouse had a net worth of $665,652.00, an income free and clear of all expenses of $9,192.00, and an annual rental income of $48,000.00, while the supporting spouse had a net worth of $492,941.00.

In the present case the award of attorney's fees is not supported by any specific finding of fact. Actually, there is no recitation of any nature on the subject of attorney fees within the findings of fact. Further, the trial court's other findings of fact indicate that plaintiff has sufficient means to defray the costs of suit and is able to employ adequate counsel to proceed as litigant. These findings show that plaintiff had a gross income of $16,-995.73 in 1981 and of just below $21,000.00 in 1982. Plaintiff's second husband's gross income for 1982 was approximately $21,-000.00. On the other hand, defendant's gross income for 1981 was $23,839.00 and for 1982 was expected to be $26,184.30. Defendant's second wife's gross income in 1981 was $21,270.00. The parties, therefore, stood on relatively equal footing and plaintiff was able to employ adequate counsel to meet defendant on substantially even terms.

The portion of the order requiring defendant to pay a portion of plaintiff's attorney's fees is therefore vacated. The portion of the order requiring defendant to pay increased child support is affirmed.

Affirmed in part; reversed in part.

Judges ARNOLD and WELLS concur.