GERALDINE W. DAVIS, FORMERLY GERALDINE W. RISLEY, PLAINTIFF v. SILAS
P. RISLEY, III, DEFENDANT

No. 915SC147

(Filed 17 December 1991)

### 1. Divorce and Separation § 431 (NCI4th) — modification of child support — denied — Guidelines not applied — no error

The trial court did not err by not applying the North
Carolina Child Support Guidelines and by denying defendant's
motion to reduce his child support obligation where no initial
support order or modification was entered on 5 October 1990,
only a denial of a motion to modify, so that the latest Guidelines
revision did not apply. Furthermore, changed circumstances
must be determined to exist prior to the application of the
Guidelines. N.C.G.S. § 50-13.7.

**Am Jur 2d, Divorce and Separation §§ 1082, 1083.**

### 2. Divorce and Separation § 431 (NCI4th) — modification of child support — denied — findings not required

The trial court did not err when denying defendant's mo-
tion to reduce his child support obligation by not making findings
of fact as to the children's expenses. The court's conclusion
that there was no substantial change of circumstances indicated
that defendant had not met his burden of proof; a court is
not required to make negative findings to justify holding that
parties have not met their burden of proof.

**Am Jur 2d, Divorce and Separation §§ 1082, 1083.**

APPEAL by defendant from a judgment entered 5 September
1990 by *Judge Elton G. Tucker* in NEW HANOVER County District
Court. Heard in the Court of Appeals in a special session in Wil-
mington on 16 October 1991.

*Shipman & Lea, by James W. Lea, III, for plaintiff-appellee.*

*Carr, Swails, Huffine & Crouch, by Auley M. Crouch, III,
for defendant-appellant.*

**DAVIS v. RISLEY**

[104 N.C. App. 798 (1991)]

LEWIS, Judge.

The issue before this Court is whether or not the trial court erred when it denied defendant's motion to reduce his child support obligation.

Plaintiff and defendant were divorced on 9 August 1985. A child support order was entered on 12 June 1987 requiring defendant to pay plaintiff child support in the amount of $550.00 per month. Defendant did not appeal this order. At the time the support order was entered, defendant was a healthy able-bodied man with a net income of $1,421.00 per month. He was employed by a flooring company in which he became the sole shareholder after the equitable distribution order. In 1988, defendant voluntarily sold his business due to a physical injury which prevented his continued employment in the flooring business. Following the 1988 sale, defendant attended Fruitland Baptist Bible Institute. He has been unable to find employment in his new vocation and has remained unemployed since the sale of his business. Defendant has remarried. His monthly income is now $1,949.00 per month which includes: $1,414.00 installment payment on the sale of his business, $238.00 rent income from the building housing the flooring business, $183.00 payment on a non-competition clause (paid annually) and $113.00 dividends and interest. Despite his unemployment, defendant has remained current on his child support obligation.

Plaintiff, at the time of the support order, grossed $11,000.00 per year. Plaintiff has since begun her own business which pays her a gross income of $2,600.00 per month and which provides group health insurance for her and the children. Plaintiff has remarried. No specific findings as to the children's financial needs were made at the time of the original support order and the present needs are in dispute.

On 3 August 1990, defendant filed a motion to reduce his child support obligation. Concluding that there was no material and substantial change of circumstances to support the reduction, the motion was denied. Defendant appeals.

[1] Defendant alleges that the trial court erred by failing to apply the North Carolina Child Support Guidelines (Guidelines) and by failing to find sufficient facts. We disagree. The Guidelines were not applicable nor were specific findings required.

Child support orders may be modified upon a showing of changed circumstances. N.C.G.S. § 50-13.7 (1987). The changed circumstances must relate to "child-oriented expenses." *Gilmore v. Gilmore*, 42 N.C. App. 560, 563, 257 S.E.2d 116, 118 (1979). The moving party has the burden to show the changed circumstances, *Searl v. Searl*, 34 N.C. App. 583, 239 S.E.2d 305 (1977), by showing the child's expenses both at the time the original support order was entered and at the present time. *Fischell v. Rosenberg*, 90 N.C. App. 254, 368 S.E.2d 11 (1988).

The North Carolina Child Support Guidelines were enacted to direct the computation of child support. The Guidelines became effective 1 October 1987. N.C.G.S. § 50-13.4 (c1) (1987). Subsequent revisions to the Guidelines govern orders entered after 1 July 1990. N.C.G.S. § 50-13.4 (c1) (cum. supp. 1990). The date of the support order or modification will determine what effect the Guidelines will have upon the determination of child support.

The defendant argues that because the order denying child support modification was entered on 5 October 1990 that his child support obligation should be computed according to the most recent revision of the Guidelines and his obligation thereby reduced. We agree that an initial child support order or a modification entered on 5 October 1990 would be subject to the latest Guidelines revisions. Here, a motion to modify was denied. Because no initial support order or modification was entered on 5 October 1990, we disagree with defendant's conclusion that the Guidelines applied.

Further, we disagree with defendant's conclusion because it skips a very important step. Modification of a support order cannot occur until the threshold issue of substantial change in circumstances has been shown. N.C.G.S. § 50-13.7 (1987). Once this burden has been met, then the court proceeds to follow the Guidelines and to compute the appropriate amount of child support. If, however, the movant is unable to show changed circumstances, then the matter is dismissed. If the Guidelines were interpreted to apply without determining this threshold issue, then N.C.G.S. § 50-13.7 would be rendered moot. Child support orders could be modified "at will" by plugging into the Guidelines' formula the never ending cavalcade of new facts which emerge due to the passage of time as opposed to those which reveal an actual change in the child's circumstances. We do not believe that the Guidelines were enacted to remove the "changed circumstances" requirement which stands

## DAVIS v. RISLEY

[104 N.C. App. 798 (1991)]

guard at the flood gates of litigation. Requiring a "substantial and material" change of circumstances is a heavy burden of proof which was deliberately read into the statute via case law in order to protect the finality of judgments. It also engrafts a sense of stability onto child support orders. We conclude that changed circumstances must be determined to exist prior to the application of the Guidelines. Since defendant failed to meet his burden as to changed circumstances, his assertion that the Guidelines should have been applied in the case at bar is without merit.

[2] Further, defendant alleges that the trial court erred in not making specific findings of fact as to the children's expenses as required by the Guidelines. As above, the Guidelines do not apply in this case. This allegation is also meritless because the trial court was not required to make specific findings under these circumstances. The court's conclusion that there was no substantial change of circumstances indicated that the defendant did not meet his burden of proof. "[A] trial court is not required to make negative findings of fact to justify a holding that a party has not met his or her burden of proof on an issue." *Searl*, at 587, 239 S.E.2d at 308-09 (citation omitted).

Affirmed.

Judges ARNOLD and COZORT concur.