DEBORAH C. PITTMAN (NOW PHELPS), PLAINTIFF v. JAMES C. PITTMAN, DEFENDANT

No. 9322DC599

(Filed 17 May 1994)

**Divorce and Separation § 445 (NCI4th)— child support—loss of job—changed circumstance**

     The trial court erred by holding that a substantial and involuntary decrease in the income of a non-custodial parent cannot, as a matter of law, constitute a substantial change of

circumstances authorizing the court to modify a prior order by reducing child support payments. There was no evidence that the needs of the children had changed; however, there was evidence that defendant's ability to pay his support payments had decreased and the matter was remanded for a determination of whether defendant had suffered a substantial and involuntary decrease in income sufficient to warrant a reduction in child support payments.

**Am Jur 2d, Divorce and Separation §§ 1085, 1086.**

**Changes in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

Appeal by defendant from order entered 23 February 1993 by Judge George T. Fuller in Iredell County District Court. Heard in the Court of Appeals 22 March 1994.

*No brief filed by plaintiff-appellee.*

*Pope McMillan Gourley Kutteh & Simon, P. A., by Pamela H. Simon, for defendant-appellant.*

JOHNSON, Judge.

Defendant, James C. Pittman, appeals from an order denying his motion for reduction in child support. The record tends to show the following: On 15 April 1991, plaintiff, Deborah C. Pittman, and defendant entered into a consent agreement which provided that defendant pay the sum of $253.04 every two weeks for the support of the parties minor children. The order further directed that defendant provide medical insurance coverage and pay one-half of all uninsured medical, dental, hospital, and drug bills for the minor children.

On 5 January 1993, defendant filed a motion for reduction in child support, alleging his financial circumstances had changed because he had lost his job. On 23 February 1993, following a hearing in Iredell District Court, Judge George T. Fuller denied defendant's motion, finding that defendant had offered no evidence of any reduction or decrease in the reasonable needs of the minor children. From this order, defendant appealed to our Court.

## PITTMAN v. PITTMAN

[114 N.C. App. 808 (1994)]

Defendant contends that the trial court erred in holding that a substantial and involuntary decrease in the income of a non-custodial parent cannot, as a matter of law, constitute a substantial change of circumstances authorizing the court to modify a prior order by reducing child-support payments. We agree.

North Carolina General Statutes § 50-13.7 (1987) provides that a court order awarding child support "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances. . . ." Generally, the trial court modifies child support provisions of an order only when the moving party has presented evidence that there has been a substantial change in circumstances affecting the welfare of the child. *O'Neal v. Wynn*, 64 N.C. App. 149, 306 S.E.2d 822 (1983), *aff'd*, 310 N.C. 621, 313 S.E.2d 159 (1984). (*See Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E.2d 116 (1979); *see also Davis v. Risley*, 104 N.C. App. 798, 411 S.E.2d 171 (1991).) However, it is also important to note that the ultimate objective in setting awards for child support is to secure support commensurate with the needs of the children and the ability of the father [mother] to meet the needs. *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E.2d 522 (1975).

In the instant case, the trial court relied on *Davis v. Risley*, 104 N.C. App. 798, 411 S.E.2d 171 in denying defendant's motion for a reduction in child support. Specifically, the court relied on the following language: "[c]hild support orders may be modified upon a showing of changed circumstances. N.C.G.S. § 50-13.7 (1987). The changed circumstances must relate to 'child-oriented expenses.' " *Id.* at 800, 411 S.E.2d at 172-73. (Citations omitted.)

However, the facts of *Davis* and the case *sub judice* are substantially different. In *Davis*, the defendant father filed for a motion to reduce his child support obligations; however, the defendant father's income had actually increased, and there was no evidence that there had been a change in circumstances to support the reduction. Therefore, as the defendant was unable to show changed circumstances, the trial court dismissed the action.

In the case *sub judice*, defendant filed a motion for reduction in child support based on a change of circumstance; defendant had lost his job. The facts are very similar to *O'Neal v. Wynn*, wherein the defendant father sought a reduction in his child support payments because his financial circumstances had changed, but the needs of his children remained unchanged. The trial court found that

although the needs of the children remained unchanged, defendant had suffered a substantial change of circumstances, and was entitled to have his child support payments reduced. In affirming the decision of the trial court, this Court found that the circumstances of the case warranted decreasing the defendant's child support payments.

In the present case, as in *O'Neal*, there was no evidence that the needs of defendant's minor children had changed; however, there was evidence that defendant's ability to pay his support payments had decreased. As such, we find that the facts of this case warrant the application of our holding in *O'Neal*. We reverse the decision of the trial court, and remand this matter to the district court for a determination of whether defendant suffered a substantial and involuntary decrease in income sufficient to warrant a reduction in child support payments.

Reversed and remanded.

Judges GREENE and JOHN concur.