GEORGINA ANNE PADILLA, FORMERLY LUSTH, PLAINTIFF v. JOHN CURTIS LUSTH, DEFENDANT

No. 9415DC560

(Filed 16 May 1995)

**Divorce and Separation § 439 (NCI4th)— modification of child support—decrease in supporting parent's income—change in child's expenses not threshold requirement**

The trial court erred in concluding in its written order that a finding of change in child-oriented expenses is a threshold requirement that must be satisfied before a court can modify a support order because of a change in the supporting party's circumstances.

**Am Jur 2d, Divorce and Separation §§ 1078, 1082-1087.**

Appeal by defendant from order entered 24 January 1994 by Judge Lowry Betts in Orange County District Court. Heard in the Court of Appeals 22 February 1995.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by James H. Johnson, III and Andrew T. Landauer, for plaintiff-appellee.*

*Vosburg and Fullenwider, by Ann Marie Vosburg, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals the court's denial of his motion to modify a child support order.

Plaintiff and defendant were divorced on 20 October 1989. On 15 March 1991, defendant was ordered to pay child support of $1318 per month. This support payment was reduced to $1246 per month by order of the court on 7 October 1991. Defendant again moved for reduction of child support based on changed circumstances. In a hearing held on 17 December 1993, the court denied this motion. By written order entered 24 January 1994, the court set out findings of fact and conclusions of law supporting the denial of defendant's motion.

Defendant has a bachelor's degree in chemistry and a master's degree in computer science. After receiving his master's, defendant worked for Southwest Research Institute. Then, in 1987, he began work in the computer science field of artificial intelligence at Becton-Dickinson Research Center (hereinafter "Becton-Dickinson"). In November 1992, defendant applied for acceptance into the Ph.D program in computer science at North Carolina State University and was accepted in early 1993. On 30 September 1993 defendant, along with others in the artificial intelligence department, was terminated from his job at Becton-Dickinson. Following his termination, defendant enrolled in the Ph.D program described above and began working part-time as a teaching assistant. He then obtained a part-time student job at SAS Institute Inc. where he was working 24 hours a week at $15 per hour at the time of the 17 December 1993 hearing.

Evidence presented at the hearing tended to show that job opportunities in the field of artificial intelligence are virtually nonexistent. After losing his job at Becton-Dickinson, defendant sent out resumes and cover letters seeking employment. In these letters, defendant stressed his enrollment in the Ph.D program and stated that he was looking for a part-time job or individual project work.

At the conclusion of the hearing, Judge Betts ruled in open court that since no evidence of the children's expenses was offered, he

would assume their needs had not changed. He also ruled that, since there was insufficient evidence that defendant had made a reasonable effort to find full-time employment in an area in which he was competent and trained to work, defendant's motion was denied.

In the written order entered 24 January 1994, Judge Betts made findings of fact, *inter alia,* that:

12. Defendant failed to satisfy the court that job opportuntied [sic] as a computer programmer in fields other than artificial intelligence were not available to him.

12. Since the termination of his employment at Becton-Dickinson Company defendant has sent only two job applications to prospective full-time employers, dated September 23, 1993 and October 10, 1993, respectively. Both of those letters contained language to this effect: However I am looking for a part-time position or individual project work so that I may continue solving real word [sic] problems as I pursue my Ph.D. Defendant presented no evidence tending to show that he has placed his resume or listed his name with any placement agency, or taken any other usual and customary steps to find full-time employment as a computer programmer in some other field at a salary that would enable him to pay child support in the amount ordered.

13. Neither party presented evidence tending to show any substantial change *in the child-oriented expenses of the children* since the entry of the last order.

(Emphasis added). In this order, Judge Betts made the following conclusions of law:

1. An order for support of a minor child may be modified upon motion in the cause and *a showing of change in the child's circumstances.* N.C.G.S. 50-13.7.

2. *The change in circumstances required in N.C.G.S. 50-13.7 refer to child-oriented expenses . . . ; and this threshold requirement of a change in child-oriented expenses must be satisfied before the court can modify a support order because of a change in the supporting party's circumstances, including a change in his income, . . . .*

3. The burden of showing a change in circumstances is on the party seeking modification . . . .

4. Defendant has failed *to show a substantial change in the child-oriented expenses of his three children* since the entry of the last order; therefore, he is not entitled to a decrease in the amount of his child support obligation.

5. *Because of the foregoing conclusions it is not necesssary [sic] for the court to consider defendant's remaining contentions.*

(Emphasis added).

We first note that defendant has failed to comply with Appellate Rule 28(b)(5) (1995) which requires him to reference his assignments of error following the question presented in his brief. However, we exercise our discretion to review the issue raised in defendant's question presented. *See* N.C.R. App. P. 2 (1995). The question presented in defendant's brief deals solely with the issue raised by defendant's first assignment of error. Since defendant has declined to present, give reasons, or cite authority supporting his remaining assignments of error, these are abandoned. N.C.R. App. P. 28(a) (1995).

The issue on appeal is whether the court erred in its findings of fact, conclusions of law, and entry of its written order finding that a change in child-oriented expenses is a threshold requirement that must be satisfied before the court can modify a support order based on a change in circumstances.

A court order awarding child support "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances." N.C.G.S. § 50-13.7(a) (1987). The moving party has the burden of showing changed circumstances. *Searl v. Searl,* 34 N.C. App. 583, 587, 239 S.E.2d 305, 308 (1977). A substantial increase or decrease in the child's needs is one way to show changed circumstances. *McGee v. McGee,* 118 N.C. App. 19, 453 S.E.2d 531, 536 (1995). However, it is now well settled that a significant involuntary decrease in a child support obligor's income also can satisfy the necessary showing of changed circumstances <u>even in the absence</u> of any evidence showing a change in the child's needs. *Hammill v. Cusack,* 118 N.C. App. 82, 453 S.E.2d 539, 541 (1995); *McGee,* 118 N.C. App. at 27, 453 S.E.2d at 536; *Pittman v. Pittman,* 114 N.C. App. 808, 810-11, 443 S.E.2d 96, 98 (1994); *O'Neal v. Wynn,* 64 N.C. App. 149, 151-53, 306 S.E.2d 822, 823-24 (1983), *aff'd per curiam,* 310 N.C. 621, 313 S.E.2d 159 (1984).

Appellee argues that *Pittman* is not binding authority here since it is contrary to prior law and was filed after the 17 December 1993 hearing in this case. However, *O'Neal*, which also permitted a finding of changed circumstances absent a showing of a change in the child's needs, was filed prior to the date of the hearing in this case. This Court's holding in *O'Neal* was affirmed on appeal by our Supreme Court, which stated that "the rationale and supporting authorities cited in the majority decision constitute a correct statement of the law and a correct application of the law to the facts of this case." *O'Neal*, 310 N.C. at 621-22, 313 S.E.2d at 159. Furthermore, we find no compelling reason why *Pittman* should be given only prospective effect. *See Faucette v. Simmerman*, 79 N.C. App. 265, 271, 338 S.E.2d 804, 808-09 (1986).

Thus, we hold that the court erred in concluding in its written order that a finding of change in child-oriented expenses is a threshold requirement that must be satisfied before a court can modify a support order because of a change in the supporting party's circumstances. In drawing this conclusion in its written order, the district court misquoted and misconstrued *Davis v. Risley*, 104 N.C. App. 798, 411 S.E.2d 171 (1991). In *Davis*, we stated that showing changed circumstances is a threshold issue that is determined prior to application of the North Carolina Child Support Guidelines. *Davis*, 104 N.C. App. at 800, 411 S.E.2d at 173. This does not mean a change in the children's needs must always be shown. Proving changed circumstances based on a decrease in income was not a viable option for the supporting party in *Davis* because his income had increased. Thus, he needed to show changed circumstances by some other means, such as showing a change in the children's needs. *See Davis*, 104 N.C. App. at 809-10, 411 S.E.2d at 172-73; *see also Pittman*, 114 N.C. App. at 810, 443 S.E.2d at 97 (distinguishing *Davis*). Defendant Lusth, in contrast, did present evidence of a decreased income that could possibly support a modification based on changed circumstances.

Since the written order does not contain findings of fact and conclusions of law on whether defendant has shown changed circumstances based on a change in his circumstances, we reverse and remand for findings and conclusions on whether defendant has made the required showing and whether he is entitled to modification.

For the reasons stated, the order denying defendant's motion for modification of child support is reversed and remanded.

Reversed and remanded.

Judges COZORT and GREENE concur.