SARAH LUTZ THOMAS (NOW TIDWELL) Plaintiff-Appellee v. LEWIS RAY THOMAS, Defendant-Appellant

No. COA98-1113

(Filed 17 August 1999)

## 1. Child Support, Custody, and Visitation— support—modification improper—solely based on increase in obligor's income

The trial court erred in modifying the original child support order because although a significant involuntary decrease in the obligor's income may satisfy the necessary showing of changed circumstances to justify a modification, a modification is improper if based solely upon the ground that the obligor's income has increased.

## 2. Child Support, Custody, and Visitation— support—attorney fees—specific findings required

The trial court erred in awarding attorney fees to plaintiff-mother in a child support case because it failed to make specific findings that: (1) the mother was acting in good faith; (2) the mother's means were insufficient to defray the expenses of the suit; and (3) the father refused to provide the support which was adequate under the circumstances existing at the time of the institution of this action.

Judge GREENE dissenting in part.

Appeal by defendant-appellant from judgment entered 28 April 1998 by Judge James T. Bowen, District Court, Cleveland County. Heard in the Court of Appeals 8 June 1999.

*Corry, Cerwin & Luptak, by Clayward C. Corry, Jr. and Todd R. Cerwin for the defendant-appellant.*

*Teddy & Meekins, P.L.L.C., by David R. Teddy for the plaintiff-appellee.*

WYNN, Judge.

Plaintiff mother and defendant father married on 21 December 1974 and conceived three children during their union. Following their separation on 19 June 1986, District Court Judge George W. Hamrick awarded custody of the three children to the mother and ordered the

**THOMAS v. THOMAS**

[134 N.C. App. 591 (1999)]

father to pay $1,300.00 per month for child support—$500.00 for each of the two older children and $300.00 for the younger child.

The father complied with this order until July 1996 when he unilaterally reduced his child support to $800.00 per month following the oldest child's eighteenth birthday and graduation from high school. Thereafter, the mother filed a motion in the cause seeking modification of the original child support order to increase the amount of child support to be paid by the father.

Following a hearing on her motion, District Court Judge James T. Bowen increased the father's child support obligation from $1,300.00 per month to $1,766.00 per month and awarded the mother reasonable attorney's fees. This appeal followed.

I.

**[1]** On appeal, the father first contends that the trial court erred in modifying the original child support order because it made insufficient findings of fact to support an increase in support. We agree.

A child support order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C. Gen. Stat. § 50-13.7(a) (1995). The moving party has the burden of showing changed circumstances. See *Padilla v. Ludsth*, 118 N.C. App. 709, 457 S.E.2d 319 (1995).

In the case *sub judice*, the trial court found that:

30. Since the entry of the aforesaid child support [o]rder there has been a substantial change in circumstances such that it would be appropriate for this Court to modify the prior Court Order. The substantial change in circumstances include the following:

(a) Since the entry of the Court's Order the [father's] gross income has substantially increased. In addition, the [father's] net worth has substantially increased since 1986 to the point where he is now worth approximately $3,500,000.00.

(b) One of the minor children born to the marriage of the [mother] and [father] has reached the age of 18 and graduated from high school.

(c) The [father's] child support obligation has not been computed using the most recent child support statutory guidelines published by the Conference of Chief District Court Judges and

**THOMAS v. THOMAS**

[134 N.C. App. 591 (1999)]

published jointly by the North Carolina Administrative Office of the Courts and the Department of Human Resources in accordance with N.C.G.S. § 50-13.4(c).

(d) The needs of the minor children have increased since 1986 when the original child support [was] entered.

At the outset, we note that the trial court's finding as to the oldest child's eighteenth birthday and graduation from high school is an insufficient finding to show a substantial change in circumstances to support an increase in child support. Court ordered child support payments terminate when a child has: (1) reached age eighteen and (2) graduated from high school. *See* N.C. Gen. Stat. § 50-13.4 (c) (1995); *see also Leak v. Leak*, 129 N.C. App. 142, 497 S.E.2d 702 (1998).

Further, the trial court's finding that the father's child support obligation was not computed using the most recent child support statutory guidelines is an insufficient finding to show a substantial change in circumstances needed to support an increase in child support. *See* 1994 Child Support Guidelines (Child Support Guidelines do not apply if the parents' combined adjusted income is higher than $12,500 per month ($150,000 per year); *see also Taylor v. Taylor*, 118 N.C. 356, 362, 455 S.E.2d 442, 447 (1995), *reversed on other grounds by* 343 N.C. App. 50, 468 S.E.2d 33 (1996).

Moreover, the trial court's finding that the needs of the minor children have increased since the entry of original child support order is insufficient to show a substantial change in circumstances because there is no evidence in the record relating to the reasonable needs of the children. *See Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). (stating that "[e]vidence must support findings; findings must support conclusions; conclusions must support the judgment. . . ."); *Brooker v. Brooker*, 133 N.C. 285, 515 S.E.2d 234 (1999) (holding that since the evidence in the record supported the trial court's ultimate findings that the child's needs had increased since the entry of the prior order, such findings as to the child's needs were sufficient to support the trial court's changed circumstances conclusion).

Consequently, the sole factor supporting the trial court's determination that there had "been a substantial change in circumstances such that it was appropriate . . . to modify the prior" court order of child support was its remaining finding that since the initial custody

order, the father's annual income had increased from $150,000.00 to $273,351.00.

It is well established that an increase in child support is improper if based solely upon the ground that the support payor's income has *increased. See Greer v. Greer*, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991) (stating that "[w]ithout evidence of any change of circumstances affecting the welfare of the child or an increase in need . . . an increase for support based solely on the ground that the support payor's income has increased is improper"); *see also Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487 (1963) (holding that an increase in the allowance provided for in a separation agreement for support and maintenance of the parties' minor children is not warranted in absence of evidence of a change in condition or of a need for an increase, particularly where the increase is sought solely on the ground that the father's income has increased).

In fact, this Court in distinguishing *Padilla, supra*, 118 N.C. App. at 709, 457 S.E.2d at 319 (holding that a significant involuntary *decrease* in a child support obligor's income may satisfy the necessary showing of changed circumstances to support a change in a child support obligation even though there is no evidence of a change in the child's needs) from *Davis v. Risely*, 104 N.C. App. 798, 411 S.E.2d 171 (1991) (holding that a supporting spouse's failure to make the threshold showing of changed circumstances in support of his motion to modify the child support order in a divorce decree precluded recalculation of his child support obligation in accordance with the most recent revision of the child support guidelines) stated that:

> [p]roving changed circumstances based on a decrease in income was not a viable option for the supporting party in *Davis* because his income had increased. Thus, he needed to show changed circumstances by some other means, such as showing a change in the children's needs.

*Padilla*, 118 N.C. App. at 713, 457 S.E.2d at 321.

However, the dissent in the instant case cites a treatise, 3 SUZANNE REYNOLDS & KENNETH M. CRAIG, *North Carolina Family Law*, § 229, p. 190 (Supp. 1997, 4th ed.) and *Padilla*, for the position that the evidence of an increase in the father's annual income "is sufficient to support the conclusion that there has been a substantial change in circumstances within the meaning of N.C. Gen.

Stat. § 50-13.7, even in the absence of any showing that the needs of the children have changed."

Specifically, that treatise states:

[i]t now appears clear however, that a modification may occur upon a showing of a change in circumstances relating to the ability of the parents to pay support without regard to any change in the needs of the child.

3 SUZANNE REYNOLDS & KENNETH M. CRAIG, *North Carolina Family Law*, § 229 at 190. Nonetheless, all of the cases cited by the treatise in support of that proposition involve an involuntary *decrease* in the obligor's income.[1] *Id.* In effect, the treatise's proposition applies only to situations where the child support obligor's income has *decreased.*[2] *Id.*

Moreover, our holding in *Padilla* does not encompass a situation where the child support obligor's income has *increased. See id; see also McGee v. McGee*, 118 N.C. App. 19, 453 S.E.2d 531 (1995); *Pittman v. Pittman*, 114 N.C. App. 808, 443 S.E.2d 96 (1994). Thus, an increase in income alone is not enough to prove a change of circum-

---

1. *O'Neal v. Wynn*, 64 N.C. App. 149, 306 S.E.2d 822 (1983), *aff'd* 310 N.C. 621, 313 S.E.2d 159 (1984); *Pittman v. Pittman*, 114 N.C. App. 808, 443 S.E.2d 96 (1994) (trial court erred in dismissing father's motion to modify child support because father's loss of job could constitute substantial change of circumstances which would support reduction in his support payments); *McGee v. McGee*, 118 N.C. App. 19, 453 S.E.2d 531, *discretionary review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995) (significant involuntary decrease in obligor's income satisfies requirement of changed circumstance even in the absence of any change affecting the child's welfare); *Hamil v. Cusack*, 118 N.C. App. 82, 453 S.E.2d 539, *discretionary review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995) (significant involuntary decrease in obligor's income satisfies requirement of changed circumstances even in the absence of any change affecting the child's needs); *Padilla v. Lusth*, 118 N.C. App. 709, 457 S.E.2d 319 (1995) (significant involuntary decrease in obligor's income satisfies requirement of changed circumstances even in the absence of any change affecting the child's needs); *Askew v. Askew*, 119 N.C. App. 242, 458 S.E.2d 217 (1995) (notwithstanding that the needs of the children had not changed, a substantial change of circumstances could be found to exist based on a parent's ability to pay); *Schroader v. Schroader*, 120 N.C. App. 790, 463 S.E.2d 790 (1995) (involuntary decrease in income sufficient alone to constitute changed circumstances even in the absence of a change in the child's needs).

2. We disagree with the dissent's footnote characterization of our reading of cases holding that an *increase* in income alone is insufficient to support a change in circumstances. We further note that income was not the sole factor used to support a change of circumstances in *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E.2d 522 (1975); rather there was also evidence that the cost of supporting the children had increased substantially since the original support order. *Id.* at 523, 211 S.E.2d at 524.

stances to support a child support obligation. *See Greer* 101 N.C. App. at 351, 399 S.E.2d at 399; *Fuchs*, 260 N.C. at 635, 133 S.E.2d at 487.

Because the trial court's finding that the father's income had substantially increased was the sole ground supporting its determination that changed circumstances existed to warrant a child support increase, this order must be vacated and remanded. Upon remand, the trial court should consider whether any change of circumstances exists which would affect the children's welfare or an increase in their needs. Since, there is no evidence in the record regarding the children's reasonable needs, the trial court may admit new evidence if necessary to make findings as to the children's reasonable needs. *See Ingle v. Ingle*, 53 N.C. App. 227, 232, 280 S.E.2d 460, 463 (1981).

We further note that evidence and findings relating to the children's reasonable needs are necessary for the trial court's determination of the amount of support because this is not a child support guideline case. *See Taylor*, 118 N.C. App. at 362, 455 S.E.2d at 447 (quoting *Newman v. Newman*, 64 N.C. App. 125, 127, 306 S.E.2d 540, 542, *disc. rev. denied*, 309 N.C. 822, 310 S.E.2d 351 (1983) (stating that "[i]n determining child support on a case-by-case basis, the order 'must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount' ").

Accordingly, the trial court's order increasing support was not based on sufficient findings of fact and must be vacated and remanded to allow the court to admit new evidence and make findings of fact relating to the children's reasonable needs.

II.

**[2]** Secondly, the father argues that the trial court erred in awarding the mother reasonable attorney's fees. Specifically, he asserts that the trial court failed to make the required findings under N.C. Gen. Stat. § 50-13.6.

N.C. Gen. Stat. § 50-13.6 provides that:

[i]n an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith

**THOMAS v. THOMAS**

[134 N.C. App. 591 (1999)]

who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding . . . .

N.C. Gen. Stat. § 50-13.6 (1995).

Hence, the court must make the following findings of fact prior to awarding attorney's fees to an interested party in a proceeding for a modification of child support: (1) the party is acting in good faith, (2) the party has insufficient means to defray the expenses of the suit; and (3) the party ordered to pay support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. *See Quick v. Quick*, 67 N.C. App. 528, 313 S.E.2d 233 (1984).

Here, the trial court failed to make specific findings that: (1) the mother was acting in good faith, (2) the mother's means were insufficient to defray the expenses of the suit; and (3) the father refused to provide the child support which was adequate under the circumstances existing at the time of the institution of this action. Thus, this award of attorney fees must also be vacated and remanded for a new award based on appropriate findings of fact.

Vacated and remanded.

Judge MARTIN concurs.

Judge GREENE dissenting in part.

Judge GREENE dissenting in part.

In this case, an order was entered in 1986 directing Defendant to pay child support to Plaintiff. At that time, Defendant's gross annual income was approximately $150,000.00. On 14 May 1997, Plaintiff filed a motion in the cause requesting the 1986 order be modified to increase the child support payments. In support of the motion, Plaintiff alleged Defendant's income had "increased significantly."

After a hearing on the motion, the trial court first determined that there had "been a substantial change in circumstances such that it was appropriate . . . to modify the prior" court order of child support.

In support of this determination, there is evidence in the record and the trial court found that Defendant's gross annual income had increased to $273,351.00. This evidence and finding is sufficient to support the conclusion that there has been a substantial change of circumstances within the meaning of N.C. Gen. Stat. § 50-13.7, even in the absence of any showing that the needs of the children have changed.[1] 3 Suzanne Reynolds, *Lee on North Carolina Family Law* § 229, at 190 (Supp. 1997) ("[A] modification may occur upon a showing of a change in circumstances relating to the ability of the parents to pay support without regard to any change in the needs of the child."); *Padilla v. Lusth*, 118 N.C. App. 709, 713, 457 S.E.2d 319, 321 (1995) (child support order can be modified upon showing that there has been "a change in the supporting party's circumstances"). On this point, I therefore disagree with the majority and would not permit reconsideration of this question on remand.

Having determined there existed a substantial change of circumstances, the trial court then proceeded to set the amount of child support. Because this was not a Guidelines case,[2] the trial court was required to set support in an amount "to meet the reasonable needs of the child[ren] for health, education, and maintenance, having due

1. In holding that an increase in the supporting parent's income cannot alone constitute a changed circumstance, I believe the majority misreads our case law. For example, the *Greer* opinion does nothing more than restate the general principle that evidence of a change in the needs of the children is necessary in order to constitute a change in circumstances sufficient to modify a child support order. More recent cases from this Court have made it clear that a change in the ability of the parents to pay support is also a changed circumstance. *See Pittman v. Pittman*, 114 N.C. App. 808, 810, 443 S.E.2d 96, 97 (1994); *Padilla v. Lusth*, 118 N.C. App. 709, 713, 457 S.E.2d 319, 321 (1995). Although the reported cases, for the most part, involve decreases in parental income, the language does not limit its application to decreases and is indeed broad enough to cover both increases and decreases in parental income. *See Gibson v. Gibson*, 24 N.C. App. 520, 523, 211 S.E.2d 522, 524 (1975) (supporting parent's increase in income was a fact properly used to justify increase in child support). Furthermore, there can be no justification for permitting a non-custodial supporting parent to seek reduction of his child support obligation based on his reduced earnings and at the same time prohibiting a custodial recipient parent from seeking increased child support based on an increase in the supporting parent's income. Finally, if the Guidelines are applicable, because determination of child support does not now require a determination of the needs of the child and is based primarily on the incomes of the parties, any substantial change in the incomes of the parties should constitute a changed circumstance.

2. When total gross adjusted income of the parents exceeds $12,500.00 per month, the Guidelines do not apply and support is to be set in accordance with N.C. Gen. Stat. § 50-13.4(c). *Taylor v. Taylor*, 118 N.C. App. 356, 362-63, 455 S.E.2d 442, 446 (1995), *rev'd on other grounds*, 343 N.C. 50, 468 S.E.2d 33, *reh'g denied*, 343 N.C. 517, 472 S.E.2d 25 (1996).

regard to the estates, earnings, conditions, accustomed standard of living of the child[ren] and the parties, the child care and homemaker contributions of each party." N.C.G.S. § 50-13.4(c) (Supp. 1998). There is no evidence and no finding in this record regarding the reasonable needs of the children and for this reason, I agree the order of support must be reversed and remanded. On remand, the trial court must take new evidence as may be offered by the parties regarding the reasonable needs of the children and enter a new order setting the amount of child support. *See Ingle v. Ingle,* 53 N.C. App. 227, 232, 280 S.E.2d 460, 463 (1981).

I fully agree with the majority on the award of attorney's fees. The lack of findings by the trial court requires this matter likewise be reversed and remanded.