ARNOLD WACHACHA v. ANNA MAY ROBINSON WACHACHA

No. 7830DC27

(Filed 7 November 1978)

**1. Divorce and Alimony § 24.3— child support—construction of order**

The trial court did not err in concluding that a provision of a separation agreement and consent judgment requiring the husband to continue to furnish adequate support for his minor child "when it is no longer necessary" for the husband to furnish support to the wife was intended by the parties to provide for continued child support payments in the event of the wife's death or remarriage.

Wachacha v. Wachacha

2. **Divorce and Alimony § 19.4— motion to reduce alimony and child support—change of circumstances—earning capacity—no bad faith effort**

The evidence was insufficient to support the court's denial of plaintiff husband's motion for a reduction in alimony and child support payments required by a consent judgment on the ground that plaintiff's change in circumstances was voluntarily effected by him in disregard of his marital and parental support obligations where it tended to show that plaintiff gave up his $15,000 per year job as recreation director of the Cherokee reservation in order to return to college to complete his undergraduate degree in recreation, with the expectation of employment at a higher salary in a different locale after he obtained his degree; plaintiff returned to college and arranged to meet his alimony and child support obligations from his income under the GI bill; plaintiff was concerned about mounting financial obligations, decided not to return to school, and took a job with a construction company at a salary well below that which he received while employed as a recreation director; after separation of the parties, plaintiff purchased a new car; and after entry of the consent judgment, plaintiff purchased a mobile home and a motorcycle.

APPEAL by plaintiff from order of *Leatherwood, Judge.* Order entered 5 August 1977 in Superior Court, GRAHAM County. Heard in the Court of Appeals 16 October 1978.

Plaintiff-husband brought this divorce action in 1976. A consent judgment was entered on 8 October 1976 decreeing the bonds of matrimony between the parties to be dissolved. Custody of the parties' minor child was awarded to defendant-wife. A separation agreement, executed by the parties on 6 April 1975, was incorporated by reference and made a part of the consent judgment. The separation agreement provided for alimony and child support payments to be made by plaintiff-husband in the amount of four hundred dollars per month.

On 17 February 1977, plaintiff-husband filed this motion in the cause, seeking a modification of the consent judgment. Plaintiff-husband's motion sought a reduction in the alimony and support payments from four hundred to two hundred dollars per month and modification of his visitation rights with respect to the parties' minor child. The motion was heard before Judge Leatherwood on 4 August 1977. After hearing the testimony of both plaintiff-husband and defendant-wife and considering the evidence presented, the court entered an order modifying the visitation provisions of the consent judgment but denying modification of the alimony and support provisions. The court's order found as a fact that plaintiff-husband had failed to show a material change of

circumstances justifying his motion for reduction in the alimony and support provisions inasmuch as the changes in his circumstances had been voluntarily effected by him in disregard of his marital and parental obligations.

*Holt, Haire & Bridgers, by Ben Oshel Bridgers for plaintiff.*

*McKeever, Edwards, Davis & Hays, by Fred H. Moody, Jr., for defendant.*

BROCK, Chief Judge.

[1]   The separation agreement executed by the parties contained the following provision: "If and when it is no longer necessary for the party of the first part [the husband] to pay for the support of the party of the second part, [the wife] it is understood and agreed between the parties hereto that he, the said party of the first part will furnish adequate support for his minor child sufficient to retain the standard of living to which he had been accustomed. . . ." Plaintiff-husband challenges the conclusion in the court's order that this phrase "was intended by the parties and does refer to the possibility that the defendant herein might in the future remarry or die."

Although the provision in question was included in the separation agreement executed on 6 April 1975, it was incorporated by reference into the consent judgment of 8 October 1976 and made an integral part thereof. A consent judgment is a contract between the parties thereto and should be construed as any other contract. *Mullen v. Sawyer*, 277 N.C. 623, 178 S.E. 2d 425 (1971). It is a cardinal rule of contract interpretation that when there is no clear apparent meaning to be discerned from a contract provision, a court, in seeking to ascertain the intent of the parties, must focus on all the surrounding circumstances at the time the contract was made. 4 Williston on Contracts, § 618, p. 716 (3d ed. 1961). The court, in this instance, properly concluded that the provision in question was ambiguous in that the parties' agreement gives no guidance as to what is meant by the phrase, "when it is no longer necessary." After examining the circumstances surrounding the entry of the consent judgment, particularly the fact that defendant-wife was employed at a salary of $11,200.00 per year at that time, the court concluded that the intent of the parties was to provide for continued child support

payments in the event of defendant-wife's death or remarriage. The court's interpretation is not unreasonable in light of the evidence presented. We thus find no merit in plaintiff-husband's first assignment of error.

Modification of support and alimony provisions contained in a judgment may only be obtained as provided for in G.S. 50-13.7 and G.S. 50-16.9 upon, "a showing of changed circumstances by either party or anyone interested." These statutes have been construed to require a showing of a substantial change in circumstances. *See Rothman v. Rothman*, 6 N.C. App. 401, 170 S.E. 2d 140 (1969). Plaintiff-husband assigns error to the court's conclusion in this instance that he failed to show a substantial change in either his own or the circumstances of defendant-wife. He also assigns error to the court's finding on the related issue that any change in his circumstances was voluntarily effected by him in disregard of his marital and parental obligations.

[2] The trial court's conclusion that the change in plaintiff-husband's circumstances was voluntarily effected by him in disregard of his marital and parental obligations is denominated in the court's order as a finding of fact. What is designated by the trial court as a finding of fact, however, will be treated on review as a conclusion of law if essentially of that character. 5 C.J.S., Appeal and Error, § 1454, p. 578. "The label of fact put upon a conclusion of law will not defeat appellate review." *Charlotte v. Heath*, 226 N.C. 750, 755, 40 S.E. 2d 600, 604 (1946). The determination that a husband's change in circumstances has been voluntarily effected by him in disregard of his marital and parental obligations justifying imposition of the earnings capacity rule is a conclusion of law based on the factual findings in the particular case, and our review of the court's order will proceed on that basis.

When a court concludes as a matter of law on the basis of the evidence presented that a husband has failed to exercise his reasonable capacity to earn because of a disregard of his marital and parental obligations to provide reasonable support for his wife and minor child, the court may base an alimony and/or child support award on the individual's ability to earn as distinguished from his actual income. *Bowes v. Bowes*, 287 N.C. 163, 214 S.E. 2d 40 (1975). Similarly, a court may refuse to modify a support and/or

alimony award on the same grounds. *Robinson v. Robinson*, 10 N.C. App. 463, 179 S.E. 2d 144 (1971). In *Bowes*, Justice Copeland reviewed the cases in which the earnings capacity rule had been applied and concluded that the basic issue to be determined is whether, "the husband, by reducing his income, [is] primarily motivated by a desire to avoid his reasonable support obligations?" *Id.* at 173, 214 S.E. 2d at 46. In *Sguros v. Sguros*, 252 N.C. 408, 114 S.E. 2d 79 (1960), the Court held that under the circumstances disclosed so long as the husband acted in "good faith" in accepting employment that resulted in the reduction of his income, application of the earnings capacity rule was improper. In *Bowes*, Justice Copeland went on to conclude that before applying the earnings capacity rule, "the finder of the fact must have before it *sufficient evidence* of the proscribed intent." *Id.* at 173, 214 S.E. 2d at 46. (Emphasis added.)

The evidence in the present case showed the following: Plaintiff-husband, subsequent to the date on which the consent judgment was entered, voluntarily gave up his $15,000 per year job as director of recreation on the Cherokee reservation. He did so with the intention of returning to college to complete his undergraduate degree in recreation with the expectation that by obtaining a degree he would become eligible for employment at a higher salary as a recreation director in a different locale. Plaintiff-husband did return to college and arranged to meet his support and alimony obligations from his income under the GI bill. While he was a student at Western Carolina University, plaintiff-husband failed two of his courses. Concerned about mounting financial obligations, plaintiff-husband decided not to return to school and instead took a job with a construction company at an annual salary well below that which he enjoyed while employed as recreation director. While still enrolled as a student, plaintiff-husband declined an offer of employment with another construction company because of transportation difficulties. After the separation of the parties, plaintiff-husband purchased a new car, and subsequent to the entry of the consent judgment, he purchased a mobile home and a motorcycle.

We do not think the evidence summarized above is sufficient to support the court's conclusion that plaintiff-husband's change of circumstances was voluntarily effected by him in disregard of his marital and parental support obligations. As the cases dis-

cussed above correctly observe, the court's conclusion underlying imposition of the earnings capacity rule must be based on evidence that tends to show the husband's actions resulting in the reduction of his income were not taken in "good faith." Evidence of intent such as "bad faith" generally can be proven, if at all, only by circumstantial evidence. *See* Stansbury, N.C. Evidence, § 83, p. 254 (Brandis Rev. 1973). The circumstantial evidence presented in this instance, however, does not offer support for the court's conclusion. We therefore vacate the order appealed from and remand this case for rehearing. Having vacated the order it is not necessary to consider appellant's assignment of error to the court's finding that no change in defendant-wife's circumstances had been shown.

Vacated and remanded.

Judges HEDRICK and MITCHELL concur.