TAMARA FISCHELL v. MARTIN ROSENBERG

No. 8715DC901

(Filed 17 May 1988)

**Divorce and Alimony § 24.8— child support—reduction of one parent's income— failure to consider improper—failure to show changed circumstances**

> The trial court erred in concluding that defendant's reduction in income could not be considered on his motion to increase plaintiff's child support obligations; however, the court's order denying defendant's motion is affirmed where defendant presented some evidence of present and future expenses but no evidence of the child-oriented expenses at the time of the prior hearing, and the court therefore did not have all of the evidence necessary to establish a change of circumstances.

APPEAL by defendant from *Betts, Judge.* Orders entered 11 May 1987 and 22 June 1987 in District Court, CHATHAM County. Heard in the Court of Appeals 1 March 1988.

Plaintiff and defendant were married on 23 August 1969. During the marriage the couple had two children, Arianna and Dov Rosenberg, born 11 November 1974 and 15 December 1977 respectively. After difficulties occurred in the marriage, the parties separated. On 15 April 1981, plaintiff filed a complaint seeking custody of the two children and child support. On 25 August 1981, Judge Stanley Peele determined that joint custody would be in the best interest of the children and defendant was ordered to provide medical insurance coverage, pay the medical and dental costs not covered and also pay $100 per month in child support. The parties were divorced on 4 November 1981.

In September of 1983, defendant filed a motion asking that the court award sole custody to him. That motion was granted by Judge Patricia S. Hunt and the order stated that plaintiff would be responsible for the children's expenses while they were living with her and paying the additional tuition that it would cost to keep the children enrolled in the Chapel Hill-Carrboro school system. Plaintiff was also ordered to pay one-half of the medical and dental expenses, including one-half of the health insurance premiums for the children.

On 27 February 1987, defendant filed a motion to increase plaintiff's child support obligations. Defendant later filed a motion

to show cause why plaintiff should not be held in contempt for failing to comply with her child support obligations. In an order entered on 11 May 1987, Judge Lowry Betts denied both of defendant's motions.

Defendant filed a notice of appeal and soon thereafter filed a motion for a new trial which was later changed to a motion for rehearing. Defendant then withdrew his notice of appeal from the original order and the trial court heard his motion for rehearing. The motion was denied by Judge Betts on 22 June 1987. Defendant filed notice of appeal from that order as well as from the trial court's 11 May order.

*Long & Long, by Lunsford Long, for plaintiff appellee.*

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by G. Nicholas Herman, for defendant appellant.*

ARNOLD, Judge.

In this case, defendant challenges the trial court's refusal to modify child support. Since defendant withdrew his notice of appeal from the order of 11 May 1987, filed a motion for rehearing and later filed a notice of appeal from the denial of that motion, the only proper appeal before this court is that of the denial of his motion for rehearing. Such a denial will only be overturned on appeal if there has been an abuse of discretion. *Mumford v. Hutton & Bourbonnais Co.*, 47 N.C. App. 440, 267 S.E. 2d 511 (1980). While the trial court erred in certain of its findings of fact and conclusions of law, the order is affirmed based upon defendant's failure to produce sufficient evidence of past child-oriented expenses.

In his brief, defendant correctly argues that the trial court erred in concluding as a matter of law that:

Defendant has failed to show any reason justifying modification of the prior order other than his voluntary cessation of employment; defendant has failed to request that this Court make a Finding of Fact regarding whether or not he left his employment in good faith to return to school; in any event, *this Court concludes that the cases regarding such a requirement of good faith in order to apply the earning capacity test are not germane to the question where the par-*

*ty seeking to return to school has custody of the children as opposed to being the one who simply pays child support to the other parent;* under such circumstances, the Court concludes that the custodial parent who returns to school voluntarily must make other arrangements to provide for the level of support he had been providing to the children in his custody, and cannot look to the other parent for such support, for to permit him to do so would be to permit him to obtain an indirect subsidy for his own education. (Emphasis added.)

Under G.S. 50-13.4 and 50-13.7, a party's ability to pay child support is ordinarily determined by the party's actual income at the time the support award is made or modified. *Goodhouse v. DeFravio,* 57 N.C. App. 124, 290 S.E. 2d 751 (1982). However, if there is a finding by the trial court that the party was acting in bad faith by deliberately depressing his or her income or otherwise disregarding the obligation to pay child support, then the party's capacity to earn may be the basis for the award. *Id.* A trial court's conclusion underlying imposition of the earnings capacity rule must be based upon evidence that the actions which reduced the party's income were not taken in good faith. There must be sufficient evidence of the proscribed intent. *Wachacha v. Wachacha,* 38 N.C. App. 504, 248 S.E. 2d 375 (1978).

The trial court in the present case determined that it was not necessary to make a finding of "bad faith" because the party seeking support modification was the custodial parent. There is absolutely no reason for such a determination in view of current case law. The trial court further incorrectly concluded that when a custodial parent seeks a change of child support based upon a reduction in income, that custodial parent must request the court to make a finding of fact as to his or her "good faith." This conclusion simply does not follow established case law. In summary, the trial court erred in concluding that defendant's reduction in income could not be considered on his motion to increase plaintiff's child support obligations. However, the order is affirmed for the following reason.

It has been established in North Carolina that orders for child support must be based upon the amount of support necessary to meet the reasonable needs of the child and the relative

ability of the parties to provide that amount. *Byrd v. Byrd*, 62 N.C. App. 438, 303 S.E. 2d 205 (1983); G.S. 50-13.4. Such an order, however, may be modified at any time, upon a showing of changed circumstances. G.S. 50-13.7; *Tate v. Tate*, 9 N.C. App. 681, 177 S.E. 2d 455 (1970). The changed circumstances with which courts are concerned involve child-oriented expenses. *Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E. 2d 116 (1979). The moving party must present evidence of the child-oriented expenses, including the amount of those expenses at the time of the original support hearing. *Waller v. Waller*, 20 N.C. App. 710, 202 S.E. 2d 791 (1974). The movant assumes the burden of showing that circumstances have changed between the time of the original order and the time of the hearing of his or her motion for modification. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967).

While defendant in the case *sub judice* presented some evidence of present and future expenses, he presented no evidence of the child-oriented expenses at the time of the prior hearing. The trial court did not have all of the evidence necessary to establish a change of circumstances and did not err in refusing to modify plaintiff's child support. Therefore, there was no abuse of discretion in the denial of defendant's motion for rehearing.

Affirmed.

Judges BECTON and PARKER concur.