JANICE SPAINHOUR KENNEDY v. ROBERT KENNETH KENNEDY

No. 9118DC813

(Filed 20 October 1992)

1. **Divorce and Separation § 392.1¹ (NCI4th)— Child Support Guidelines—father's self-employment income—expense deductions not allowed**

    The trial court did not err in a child support action by not deducting certain business expenses from the father's gross receipts from self-employment as a musician where the court determined that those expenses would be incurred whether or not the father was in the music business. The Guidelines vest the trial court with the discretion to disallow the deduction of any business expenses which are inappropriate for the purposes of calculating child support.

    **Am Jur 2d, Divorce and Separation § 1035.**

2. **Divorce and Separation § 400 (NCI4th)— child support—father's rental income—entireties property with new wife—entire income erroneously included**

    The trial court erred in a child support action by attributing to the father the entire amount of rental income received by the father and his present wife where the rental property was owned by them in tenancy by the entirety. The father is considered to have received only one-half of the income.

    **Am Jur 2d, Divorce and Separation § 1041.**

3. **Divorce and Separation § 401 (NCI4th)— child support— intentional depression of income**

    The trial court erred in a child support action by imputing income to the father where there was no evidence in the record to support a finding that the father deliberately depressed his income.

    **Am Jur 2d, Divorce and Separation § 1041.**

4. **Divorce and Separation § 392.1 (NCI4th)— Child Support Guidelines—child from current marriage—failure to consider**

    The trial court erred in a child support action by failing to consider the father's responsibility for his two year old

___

1. New section pending publication of 1993 supplement.

KENNEDY v. KENNEDY

[107 N.C. App. 695 (1992)]

daughter from his present marriage. The July, 1990 guidelines expressly state that a parent's financial responsibility for his or her children currently residing in the household should be deducted from gross income. By failing to adjust the father's gross income, the trial court failed to properly calculate the presumptive amount of support and was accordingly precluded from properly assessing whether deviation from the Guidelines was necessary.

**Am Jur 2d, Divorce and Separation §§ 1041, 1042.**

5. **Divorce and Separation § 392.1 (NCI4th)— Child Support Guidelines — monthly health insurance premium — deduction from gross income**

The trial court erred in a child support action by failing to deduct from the mother's monthly gross income the amount of the monthly health insurance premium paid by her to maintain health insurance on the parties' children. Under the Guidelines, if either parent maintains health insurance for the child or children due support, the cost of that coverage for that parent and children only should be deducted from that parent's gross income.

**Am Jur 2d, Divorce and Separation §§ 1041, 1042.**

6. **Divorce and Separation § 359 (NCI4th)— child custody — modification — no action sua sponte**

The trial court erred by modifying the existing joint custody of a child by entering the order without request from either party. The court may modify custody only upon motion by either party or anyone interested, but may not act *sua sponte*. N.C.G.S. § 50-13.7.

**Am Jur 2d, Divorce and Separation §§ 1003, 1006.**

**Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.**

APPEAL by defendant from order filed 1 March 1991 in GUILFORD County District Court by *Judge William A. Vaden.* Heard in the Court of Appeals 15 September 1992.

*Wyatt Early Harris Wheeler & Hauser, by A. Doyle Early, Jr. and Lee M. Cecil, for plaintiff-appellee.*

*C. Richard Tate, Jr. for defendant-appellant.*

GREENE, Judge.

Defendant (Father) appeals from a child support order filed 1 March 1991 in the Guilford County District Court.

Plaintiff (Mother) and Father were married in 1972. They have two daughters, Jennifer and Julie, ages 16 and 14, respectively, at the time that the order which is the subject of this appeal was filed. Mother and Father were divorced on 12 August 1985, and both have remarried. Father and his present wife have a two-year-old daughter.

On 5 June 1986, Mother and Father entered into a consent order pursuant to which the parties were awarded joint custody of the children, with the primary residence of the children to be with Mother. Pursuant to this order, Father agreed to pay on a monthly basis child support in the amount of $237.50 per child, and to pay all reasonable medical, dental, and prescription drug expenses incurred on behalf of the children for "as long as he has a duty to support said children." On 1 February 1989, the parties entered into a consent order which provided that Julie would live with Father and Jennifer with Mother, however the order did not change joint custody. The order also provided that each party shall assume and be responsible for the payment of all expenses incurred on behalf of the child in his or her custody, including medical and hospitalization insurance and all reasonable medical, dental, and prescription drug expenses.

On 3 January 1991, Julie returned to Mother's residence to live, and on 9 January 1991, Mother filed a motion requesting that Julie be allowed to permanently reside with her and that Father be ordered to pay child support for both daughters. This motion did not request a modification of custody. The evidence at the hearing on Mother's motion established that Father, a former insurance salesman, is now a self-employed musician who works out of his home. In 1990, Father had gross receipts from music of $45,714.00 and gross income from commissions on insurance policy renewals of $3,651.14. Father and his present wife also received in 1990 $9,000.00 in non-taxable rental income for renting their home for two two-week periods during the High Point furniture market, and $2,700.00 in rental income from the rental of an apartment located on their property. Both the home and the apartment are held by Father and his wife in tenancy by the entirety. Father testified that from his gross receipts from music, he paid the fol-

KENNEDY v. KENNEDY

[107 N.C. App. 695 (1992)]

lowing expenses: agent commissions - $1,710.00; musicians—$18,161.80; refunds—$75.00; office and musical supplies—$2,188.39; utilities—$1,049.38; telephone - $3,101.47; advertising—$1,386.75; travel and entertainment - $795.50; truck lease—$4,896.13; insurance—$1,156.16; maintenance of equipment and vehicles—$2,905.76; taxes - $323.53; depreciation—$2,648.25; interest—$1,870.34; bank charges—$664.70; and miscellaneous expenses—$45.00. According to Father, his net profit in 1990 from self-employment as a musician was $6,967.40, or $580.61 per month.

Mother, a school teacher, testified that her gross income from teaching in 1990 was $21,293.00, or $1,774.00 per month. At trial, Mother contended that Father's monthly gross income is $2,500.00, and, pursuant to the North Carolina Child Support Guidelines, submitted a completed Child Support Obligation Worksheet A which showed the presumptive basic child support amount to be $927.00 per month. Of this amount, Father's share (based on a monthly gross income of $2,500.00) was calculated at 58.5 percent, or $542.00, and Mother's share (based on a monthly gross income of $1,774.00) was calculated at 41.5 percent, or $385.00. After hearing the evidence presented by both parties, the trial court found that:

> 8. [Father] is a self-employed musician doing business as the Ken Kennedy Agency. [Father's] gross income for 1990 was $45,714.42 and after paying agent commissions, insurance commissions and subcontractor musician payments, [Father's] gross income was $29,998.76. [Father] operates his business out of his home, and [Father] has business expenses of $2,188.39 for office and musical supplies, $1,386.75 for advertising, $795.50 for travel and entertainment, $2,648.00 for the purchase of musical equipment and $1,870.34 for interest payments on a loan incurred for the business, which is in the name of [Father's] present wife for tax purposes. The balance after the deduction of these expenses is $20,400.17. [Father] also has expenses for utilities, phone, lease on his 1988 Suburban vehicle, homeowners, automobile and life insurance, maintenance on the home and vehicle and personal property taxes, which total $13,432.43. Most of these expenses would be incurred whether [Father] is in the music business or not. . . .

The trial court also found that (1) Father receives rental income totalling $11,700.00 per year; (2) Father "is capable of earning and does earn a gross income of at least $2500.00 per month" and

KENNEDY v. KENNEDY

[107 N.C. App. 695 (1992)]

Mother earns a gross income of $1,774.00 per month;[1] (3) Mother maintains medical and dental insurance on the two children at a cost to her of $1,650.00 per year; and (4) Father is capable of paying and should pay all reasonable medical, dental, orthodontic, and prescribed drug expenses incurred on behalf of the two children which are not covered by insurance, and any reasonable and necessary extraordinary medical, dental, orthodontic, and prescribed drug expenses after being consulted by Mother prior to such expense being incurred.

The trial court concluded that Father's monthly basic child support obligation is $542.00, and ordered Father to pay this amount and all reasonable and necessary uninsured medical, dental, orthodontic, and prescribed drug expenses incurred on behalf of the children. From this order, Father appeals.

---

The issues presented are whether, under the applicable North Carolina Child Support Guidelines (the Guidelines), the trial court (I) improperly computed Father's monthly gross income by (A) disallowing certain self-employment expenses claimed by Father, (B) attributing to Father the total amount of rental income received by Father and his present wife for rental of property owned by them in tenancy by the entirety, and (C) imputing income to Father; and (II) erroneously failed to adjust the parties' monthly gross incomes by (A) failing to subtract from Father's monthly gross income Father's responsibility for his daughter from his present marriage, and (B) failing to subtract from Mother's monthly gross income the health insurance premium paid by Mother for the parties' children.

We note at the outset that the resolution of this appeal is determined under the July, 1990 version of the mandatory North Carolina Child Support Guidelines, which were in effect at the time of the trial court's order.

I

Father argues that the trial court improperly calculated his monthly gross income.

---

1. The trial court's "findings" regarding the parties' gross incomes are actually conclusions of law rather than findings of fact since the determination of gross income requires the application of fixed rules of law, specifically, the North Carolina Child Support Guidelines. *Lawrence v. Tise*, 107 N.C. App. 140, 145 n.1, 419 S.E.2d 176, 179 n.1 (1992).

A

[1]   Father contends that the trial court erroneously refused to deduct certain business expenses from Father's gross receipts from self-employment as a musician. The Guidelines define gross income from self-employment or operation of a business as "gross receipts minus ordinary and necessary expenses required for self-employment or business operation." Under the Guidelines, "ordinary and necessary" expenses do not include those "determined by the court to be inappropriate for determining gross income for the purposes of calculating child support."

In the instant case, the trial court deducted a total of $25,314.25 in business expenses from Father's 1990 gross income of $45,714.42 from self-employment as a musician. The court, however, disallowed expenses incurred by Father for utilities, phone, truck lease, insurance, home and truck maintenance, and personal property taxes, having determined that these expenses "would be incurred whether [Father] is in the music business or not." Because the Guidelines vest the trial court with the discretion to disallow the deduction of any business expenses which are inappropriate for the purposes of calculating child support, *Lawrence v. Tise*, 107 N.C. App. 140, 147-48, 419 S.E.2d 176, 181 (1992), the trial court's decision in the instant case to disallow the claimed expenses must be upheld unless it is "manifestly unsupported by reason" and therefore an abuse of discretion. *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Having carefully reviewed the record, we discern no abuse of discretion.

B

[2]   Father next contends that the trial court erroneously attributed to Father the entire amount of the rental income received by Father and his present wife. We agree. The evidence in the record establishes that Father and his present wife receive a total of $11,700.00 per year, or an average of $975.00 per month, from the rental of property owned by them in tenancy by the entirety. Under the Guidelines, income from rental property is included in the calculation of a parent's gross income, however, because Father and his wife own the property in tenancy by the entirety, he is considered to have received only one-half of the income, or $487.50 per month. *See* N.C.G.S. § 39-13.6 (1984) (when property is held in tenancy by the entirety, husband and wife have equal right to rents and, for income tax purposes, each spouse is considered

to have received one-half of the income from the property). It was therefore error for the trial court to attribute the full amount of income from the property to Father.

C

[3] Father argues that the trial court improperly imputed income to Father in order to arrive at $2,500.00 as Father's monthly gross income. In support of this argument, Father points to the trial court's finding that Father "is capable of earning" a gross income of "at least" $2,500.00 per month, and to the court's comments at trial regarding Father's income, specifically, "that [Father] could go to McDonald's and make $860.00 a month" and that he "has the capabilities of making at least $2,500.00 a month."

The Guidelines provide that "[i]f a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income . . . ."[2] That is, the trial court must impute income to a parent only if the record supports a finding that the parent is deliberately depressing his income. *See Greer v. Greer*, 101 N.C. App. 351, 355-56, 399 S.E.2d 399, 402 (1991) (person's capacity to earn income may be basis of child support award "if there is a finding that the party deliberately depressed" income); *accord McDonald v. Taylor*, 106 N.C. App. 18, 26, 415 S.E.2d 81, 85 (1992); *see also Lawrence*, 107 N.C. App. at 148, 419 S.E.2d at 181 (in action controlled by July, 1990 Guidelines, evidence that Father is failing to make good faith effort to obtain highest rental income would require trial court to use potential rather than actual rental income). Because there is no evidence in the record to support a finding that Father deliberately depressed his income, the trial court erred in imputing any amount of income to Father.

II

A

[4] Father argues that the trial court improperly calculated Father's basic monthly child support obligation. Specifically, Father argues

---

2. Under the July, 1990 Guidelines, if the trial court determines that a parent is voluntarily unemployed or underemployed, the court is *required* to impute income. Under the August, 1991 version of the Guidelines, even if the court determines that a parent is voluntarily unemployed or underemployed, the court is vested with *discretion* regarding whether or not to impute income.

that the trial court erroneously failed to take into account Father's responsibility for his two-year-old daughter from his present marriage. We agree.

The July, 1990 Guidelines expressly state that "[t]he amount of financial responsibility a parent has for his or her children currently residing in the household who are not involved in this action should be deducted from gross income." The amount to be deducted "is the amount listed in the Schedule of Basic Child Support Obligations which would represent a support obligation based only on the responsible parent's gross income, without any other adjustments, for the number of children for whom the parent is also responsible."[3] In the instant case, Father presented evidence that he has one daughter from his present marriage and that she lives in his household, therefore, the trial court erred when it failed to take this into account in determining Father's gross income.[4]

B

[5] In addition to failing to properly adjust Father's monthly gross income, the trial court also erroneously failed to subtract from Mother's monthly gross income the amount of the monthly health insurance premium paid by Mother to maintain health insurance on the parties' children. Under the Guidelines, if either parent maintains health insurance for the child or children due support, "the cost of that coverage for that parent and children only should be deducted from that parent's gross income." Because Mother's

---

3. Under the current version of the Guidelines (August, 1991), the reduction is based upon the combined income of both parents of the "other" child or children, and the amount to be subtracted is one-half of the amount listed in the Schedule of Basic Child Support Obligations.

4. Mother argues that the trial court's failure to adjust Father's income in light of the evidence of his "other" daughter simply constitutes a proper variance, or deviation, from the Guidelines. We disagree. A trial court cannot *properly* deviate from the Guidelines without first calculating, pursuant to the applicable Guidelines, the presumptive amount of support. Only after the presumptive amount of support has been properly determined may the trial court, after hearing evidence regarding the reasonable needs of the child for support and the relative ability of each parent to provide support, decide whether that amount fails to meet or exceeds the reasonable needs of the child for support, thus allowing a deviation from the Guideline amount. *See generally Browne v. Browne,* 101 N.C. App. 617, 621-26, 400 S.E.2d 736, 739-41 (1991). In the instant case, the trial court, by failing to adjust Father's gross income, failed to properly calculate the presumptive amount of support, and was accordingly precluded from properly assessing whether deviation was necessary. Thus, we reject Mother's contention in this regard.

evidence established that she pays the premiums for health insurance on the children, that amount should have been deducted from her gross income.

[6] We note that in its order the trial court, without request from either party, modified the existing joint custody of Julie and gave Mother sole custody and Father reasonable visitation rights. Father argues and Mother concedes that the trial court was without authority to do so, and we agree. The trial court may modify custody only upon motion by either party or "anyone interested." N.C.G.S. § 50-13.7 (1987). The trial court may not *sua sponte* enter an order modifying a previously entered custody decree.

Because of the errors outlined in this opinion, the order of the trial court is vacated and remanded. On remand, the trial court shall, using the July, 1990 Guidelines, redetermine the parties' child support obligations based on the evidence in the record and consistent with this opinion.

Vacated and remanded.

Judges WELLS and ORR concur.