NANCY O'BRYAN ASKEW (MARTIN), Plaintiff/Appellee v. EDDY H. ASKEW, Defendant/Appellant

No. COA94-710

(Filed 6 June 1995)

## 1. Divorce and Separation § 439 (NCI4th)— child support— reduced income by father—change of circumstances

Notwithstanding that the needs of the children had not changed, a substantial change of circumstances could be found to exist based on a parent's ability to pay where defendant voluntarily left his employment with an insurance company to become an independent agent and his income was reduced.

**Am Jur 2d, Divorce and Separation § 1085.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

## 2. Divorce and Separation § 439 (NCI4th)— child support— reduced income by father—change of circumstances—sufficiency of evidence

Defendant failed to meet his burden of proving changed circumstances in a child support action where the defendant had voluntarily left his job with an insurance company to become an independent agent and suffered reduced income. The Court of Appeals agreed with the trial court that defendant willfully and intentionally depressed his income.

**Am Jur 2d, Divorce and Separation § 1085.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

## 3. Divorce and Separation § 552 (NCI4th)— child support— reduced income by father—findings

The trial court in a child support action did not err by failing to make appropriate findings of fact that the actions which

reduced defendant's income were not taken in good faith prior to imposing the earnings capacity rule. The trial judge found that defendant had voluntarily terminated or quit his job and concluded that defendant had willfully and intentionally depressed his income. Good faith was not shown on the part of defendant.

**Am Jur 2d, Divorce and Separation § 1086.**

Appeal by defendant from judgment entered 21 February 1994 by Judge Earl J. Fowler, Jr. in Buncombe County District Court. Heard in the Court of Appeals 22 March 1995.

*No brief filed for plaintiff-appellee.*

*Sutton & Edmonds, by John R. Sutton, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff and defendant were married on 25 February 1977, and lived together until on or about 25 December 1984 at which time they separated. During the marriage, two children were born. Plaintiff has custody of the minor children. Pursuant to a court order, defendant was ordered to pay $900.00 per month in child support. Defendant was employed by Allstate Insurance Company (Allstate) and upon leaving the company, entered into a covenant not to compete. Defendant became an independent insurance agent. When defendant left Allstate, defendant received a severance pay of $3,323.00 per month which ended on 30 November 1992.

Defendant alleges that his income for 1993 was $8,545.65, and that he did not make sufficient income to support himself and his wife; that he had borrowed money on an ongoing basis to make at least a $200.00 child support payment following November 1992; and that he owed federal and state back taxes for years 1991 and 1992 and was required to pay the back taxes. Defendant testified that he did not own any land or any automobiles. Defendant also testified that he had not done anything to depress his income and had done what he could to make money to pay his obligations.

The trial court found that defendant was an able-bodied male, trained as an insurance agent; that he was employed at Allstate for a period of eighteen years; that he voluntarily quit his job with Allstate; that he has been an independent agent for two years; that defendant's adjusted gross income for 1993 was $8,545.65; that defendant did not make sufficient amounts to pay the costs of his maintenance in 1994;

that he had to borrow money from his wife and mother-in-law to maintain himself and to pay the child support obligation and other expenses; and that defendant's mother gave title to a piece of land that she owned to defendant, who immediately transferred it to his wife in consideration of his wife's promise to assist with his mother's maintenance.

The trial court went on to conclude that defendant voluntarily quit his job with Allstate, that defendant willfully and intentionally depressed his income, and that defendant failed to meet his burden of proof in showing a substantial change of circumstances.

The trial court then entered a judgment against defendant denying his motion to reduce child support by reason of substantial change of circumstances, and also denying plaintiff's motion to find defendant in willful and intentional contempt of court by reason of defendant's failure to pay child support as previously ordered.

[1] Defendant first argues that his financial circumstances changed in that his income was reduced from $3,323.00 per month to between $700.00 and $800.00 per month, and that this constituted a substantial change of circumstances authorizing a reduction in child support even though the needs of the children remained unchanged. Defendant is correct in arguing that notwithstanding that the needs of the children had not changed that a substantial change of circumstances could be found to exist based on a parent's ability to pay. *See O'Neal v. Wynn*, 64 N.C. App. 149, 306 S.E.2d 822 (1983), *aff'd*, 310 N.C. 621, 313 S.E.2d 159 (1984).

[2] Defendant next argues that the trial court erred in concluding that defendant failed to meet his burden of proof regarding his motion to reduce child support by reason of change of circumstances.

North Carolina General Statutes § 50-13.7 (1987) provides that an order awarding child support "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances." Modification of a child support order occurs when the moving party presents evidence that a substantial change in circumstances affecting the welfare of the child exists. *Pittman v. Pittman*, 114 N.C. App. 808, 443 S.E.2d 96 (1994). A party's ability to pay child support is determined by the party's ability to pay at the time the award is made or modified. North Carolina General Statutes §§ 50-13.4 (Cum. Supp. 1994) and 50-13.7. Additionally, a party's capacity to earn income may become the basis of an award if it is

found that the party deliberately depressed its income or otherwise acted in deliberate disregard of the obligation to provide reasonable support for the child. *O'Neal*, 64 N.C. App. 149, ·306 S.E.2d 822. Because we agree with the trial court that defendant willfully and intentionally depressed his income, we find that defendant has failed to meet his burden in proving changed circumstances.

**[3]** Defendant next argues that the trial court erred in failing to make appropriate findings of fact that the actions which reduced the party's income were not taken in good faith prior to imposing the earnings capacity rule. Before the earnings capacity rule is imposed, it must be shown that defendant's actions which reduced his income were not taken in good faith. *Id.*

In the instant case, the trial judge found that defendant had voluntarily terminated or quit his job, and then concluded that defendant had willfully and intentionally depressed his income. Hence, good faith was not shown on the part of defendant. Therefore, we find that the trial court properly denied defendant's motion to reduce the support payments.

Accordingly, the trial court properly decided that defendant had failed to meet his burden. The decision of the trial court is affirmed.

Affirmed.

Judges COZORT and McGEE concur.