NANETTE RAMSEY SCHROADER, Plaintiff v. TERRY RANDALL SCHROADER, Defendant

No. COA94-1281

(Filed 21 November 1995)

1. **Divorce and Separation § 444 (NCI4th)— child support— plaintiff's voluntary reduction in income—no change of circumstances affecting needs of children**

   Although the trial court erred in concluding that plaintiff could not claim a voluntary reduction in income because of her full time enrollment in college as a change of circumstances in a child support proceeding, plaintiff failed to meet the additional burden of showing a change of circumstances relating to the needs of the children.

   **Am Jur 2d, Divorce and Separation §§ 1082-1087.**

   **Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

## SCHROADER v. SCHROADER

[120 N.C. App. 790 (1995)]

**Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.**

**2. Divorce and Separation § 446 (NCI4th)— child support— defendant's income not increased**

The trial court did not err in its findings of fact and conclusion of law that there had been no showing that defendant's income had increased to constitute a change of circumstances where the evidence tended to show that defendant was the owner in name only of his parents' business; defendant had a paper income which was not the same as his actual spendable income; and this same confusing income structure existed at the time child support was originally awarded.

**Am Jur 2d, Divorce and Separation § 1085.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

**Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.**

**3. Divorce and Separation § 447 (NCI4th)— child support— switch of medical insurance from defendant to plaintiff— no change of circumstances**

There was no merit to plaintiff's contention that the switch of the obligation to carry medical insurance for the parties' children from defendant to plaintiff was a change of circumstances, since the switch was part of a consent judgment between the parties, and plaintiff failed to show a change in circumstances which affected the welfare of the children or how the switch affected her ability to pay her portion of child support.

**Am Jur 2d, Divorce and Separation § 1083.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

**Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.**

Appeal by plaintiff from order entered 13 June 1994 by Judge Robert S. Cilley in Henderson County District Court. Heard in the Court of Appeals 21 August 1995.

Plaintiff and defendant were married on 15 September 1984. They had two children, Casey Ramsey and Jessie James Schroader, born 5 December 1985 and 26 January 1988 respectively. The parties separated on 13 July 1990 and were divorced by judgment entered on 20 August 1991.

At the 20 August 1991 hearing, the parties stipulated to the evidence on the issues of child custody and support, and a child custody and support judgment was entered 22 November 1991. The judgment provided joint legal custody of the minor children, with plaintiff having primary physical custody. It further required defendant to pay child support pursuant to Worksheet B (Joint or Shared Physical Custody) of the North Carolina Child Support Guidelines (hereinafter "the Guidelines") in the amount of $258 per month, to maintain medical insurance coverage through his employment, and to pay 59% of all uninsured medical and dental bills of the minor children.

On 22 November 1991, the parties consented to an order modifying custody filed and entered, *nunc pro tunc* to 1 November 1991. The order stated that as a result of plaintiff moving her residence from Henderson County to Madison County and taking a new job that provided medical and dental insurance at an economic savings in comparison to defendant's coverage, a substantial and material change of circumstances had occurred, thereby justifying a modification of child custody for defendant. The court therefore ordered defendant to have custody of the children no less than 123 nights per year and ordered plaintiff to provide medical and dental insurance coverage through her employer. Except as specifically stated in the modification order, the child custody and support judgment remained in effect.

On 16 November 1992, plaintiff filed a motion in the cause (and subsequently filed two amended motions in the cause) requesting a modification of the child support provisions previously entered in Henderson County District Court. Plaintiff alleged the following change of circumstances had occurred to justify requiring defendant to pay an increased amount of child support: (1) plaintiff was required to maintain medical and dental insurance coverage on the children; (2) plaintiff had assumed a disproportionate share of the costs, and the Guidelines did not meet the reasonable needs of the

## SCHROADER v. SCHROADER

[120 N.C. App. 790 (1995)]

children considering the relative abilities of the parties to provide support; (3) defendant's income had substantially increased and plaintiff's income had decreased; (4) defendant refused to voluntarily increase his child support contribution despite having an increased income; and (5) the actual time the children had spent with defendant was less than 123 nights in 1993, thereby rendering the use of Worksheet B of the Guidelines inappropriate for the calculation of child support.

After a hearing on 13 April 1994, the trial court denied plaintiff's motion in the cause. Plaintiff appeals.

*Stephen E. Huff for plaintiff appellant.*

*Mullinax & Alexander, by William M. Alexander, Jr., for defendant appellee.*

ARNOLD, Chief Judge.

[1] Plaintiff's first assignment of error is that the court erred by finding and concluding as a matter of law that plaintiff cannot claim as a change of circumstances her decision to quit her job and enroll in college. Plaintiff, having primary custody of the children, voluntarily left her employment to enroll as a full-time college student. As a basis for modification of child support, she claimed that her decision to go back to school resulted in a decrease in her income and justified an increase in defendant's child support obligation. The trial court made the following finding of fact concerning plaintiff's employment and income history:

5. Plaintiff has remarried; her last name is now Agnew. Her income has diminished since August of 1991, when she worked at a rest home she had started (with help from Defendant's parents), and also for a beauty salon. In late September, 1991, she moved from Dana (in Henderson County) to Mars Hill, N.C., where she still lives, and began working (for less money) for Asheville Federal Savings Bank. Her reason for changing to a lower-paying job was that the salon job was temporary, whereas the Asheville Federal one was permanent. She quit work at Asheville Federal in June, 1993, having reached the maximum advancement possible there without a college degree, and enrolled as a full-time student as [sic] Western Carolina University, in Speech and Language Pathology, a six-year program. She earns a little money ($839.64 gross in 1993) waiting tables, and works about eight weeks a year

in the office at her father's tobacco warehouse, where she grossed $3,075 in 1992.

The court concluded as a matter of law that plaintiff could not claim as a change of circumstances "a change that she brought about herself." The court further stated, "Granted, Plaintiff's income is now lower than it formerly was, but this is because of her voluntarily quitting her employment."

If a trial court finds that a party was acting in bad faith by deliberately depressing her income or otherwise disregarding the obligation to pay child support, the party's earning capacity may be the basis for the award; or in the case of a motion for modification, the motion may be denied. *O'Neal v. Wynn*, 64 N.C. App. 149, 153, 306 S.E.2d 822, 824 (1983); *Fischell v. Rosenberg*, 90 N.C. App. 254, 256, 368 S.E.2d 11, 13 (1988); *Wachacha v. Wachacha*, 38 N.C. App. 504, 248 S.E.2d 375 (1978). These principles apply regardless of whether the custodial parent or non-custodial parent is requesting modification of child support. *Fischell*, 90 N.C. App. at 256, 368 S.E.2d at 13. Under the 1991 version of the North Carolina Child Support Guidelines, "even if the court determines that a parent is *voluntarily* unemployed or underemployed, the court is vested with discretion regarding whether or not to impute income." *Kennedy v. Kennedy*, 107 N.C. App. 695, 703, 421 S.E.2d 795, 799 (1992) (emphasis added); *see* North Carolina Child Support Guidelines A(3) (August 1, 1991).

In *Fischell*, the custodial father voluntarily reduced his income by returning to school, and the trial court denied his motion to increase the mother's child support obligation on the grounds that his decrease in income was voluntary. We held that "the trial court erred in concluding that [movant's] reduction in income could not be considered on his motion to increase [non-movant's] child support obligations." *Fischell*, 90 N.C. App. at 256, 368 S.E.2d at 14. Accordingly, in the case at hand, we find that the trial court erred as a matter of law in concluding that "[p]laintiff cannot claim, as a change of circumstances, a change that she brought about herself."

Thus, a voluntary decrease in income, absent a finding of bad faith, may be considered to support a finding of changed circumstances. However, if the decrease is voluntary, the movant has the additional burden of showing that the changed circumstances relate to child-oriented expenses. *Id.* at 256-57, 368 S.E.2d at 14. We have recently established that an *involuntary* decrease in income is sufficient alone to constitute changed circumstances for the purposes of

modification of child support, even in the absence of any evidence showing a change in the child's needs. *Pittman v. Pittman,* 114 N.C. App. 808, 443 S.E.2d 96 (1994); *see also Askew v. Askew,* 119 N.C. App. 242, 458 S.E.2d 217 (1995); *McGee v. McGee,* 118 N.C. App. 19, 453 S.E.2d 531 (1995). Because plaintiff's reduction in income here was voluntary, the *Pittman* rule is inapplicable.

To warrant modification of child support in the case at hand it was necessary for plaintiff to show a change of circumstances relating to the needs of the children, and the trial court concluded that this factor was not "proven to the Court's satisfaction." Thus, although the trial court erred in concluding that plaintiff cannot claim a voluntary reduction in income as a change of circumstance, plaintiff failed to meet the additional burden of showing a change in circumstances to modify child support.

[2] Plaintiff next assigns error to the trial court's findings of fact and conclusion of law that there had been no showing that defendant's income had increased to constitute a change of circumstances. The trial court made the following findings of fact regarding defendant's income:

3. Defendant's chief source of income is from a business called "Schroader's Honda." This was also true at the time of the August judgment. The business sells motorcycles retail, and it also sells motorcycle parts through the mail at a discount. The business was formerly owned by Defendant's parents, during which time they thought to acquire a Honda Automobile dealership as well. Honda does not permit the same person to hold the franchise on its car and motorcycle outlets, and so Defendant's parents put the motorcycle franchise into Defendant's name. They kept ownership of the land on which the business is located, and they continue to draw all of the net profits from the business, shown on the business's books as "rent." This "rent" varies wildly from month to month, unlike Defendant's salary of $400 per week. Defendant files income tax returns as the sole proprietor of the business, even though he, his parents, the bookkeeper and the C.P.A. who prepares the taxes, all understand that it is the parents who actually own the operation and make the important decisions affecting it. Whatever might be the tax consequences, present or future, of this arrangement, as a practical consequence it renders Defendant's tax returns useless as a source of reliable information about his disposable income.

4. Defendant's evidence at this most recent hearing satisfied the Court that his only actual earned income is the salary he gets from the motorcycle business. His tax returns, however, reflecting the fiction that as the straw man who holds the franchise certificate he is in some sense the owner of the business, recite an adjusted gross income much higher than his $400/week salary: $58,228 in 1991, and $45,054 in 1992. Part of the difference is explained by the interest he draws from two NCNB (now Nationsbank) certificates of deposit, but this amounts to little more than $2000 per year. However, as far as the evidence shows, this same confusing income structure existed when child support was last judicially calculated, and Plaintiff has not shown to the Court's satisfaction that Defendant's true income differs in source or in amount from what it was in August of 1991, when Judge Coats found as a fact that it was $2,852.68 per month.

Based on its findings of fact, the court concluded that

Plaintiff cannot claim, as a change of circumstances, that Defendant's paper income has increased, where she has not shown any change in his actual income since the previous computation of child support. The guidelines are based on the assumption that real income is spent on the children, and regardless that accounting tricks and straw-man transactions have produced a paper income in Defendant's name, his actual, spendable income has not been shown to have increased.

A trial court's findings of fact are conclusive on appeal if the trial court sits as the trier of fact and they are supported by competent evidence, even if there exists evidence that might sustain a finding to the contrary. *Floto v. Pied Piper Resort, Inc.*, 96 N.C. App. 241, 385 S.E.2d 157 (1989), *cert. denied*, 326 N.C. 47, 389 S.E.2d 87 (1990). The evidence in this case supports the trial court's findings. Several witnesses associated with Schroader Honda testified that they considered defendant the owner and operator of the business in name only. The accountant testified that defendant's only actual income was his $400 per week salary, and all other business profits were paid to defendant's parents for rent of the real property occupied by the business. While this structure certainly seems unusual, the Guidelines instruct that income from operation of a business "should be carefully reviewed to determine an appropriate level of gross income available to the parent to satisfy a child support obligation. In most cases, this amount will differ from a determination of business

income for tax purposes." North Carolina Child Support Guidelines A(2) (August 1, 1991). We therefore agree with the trial court that, as a matter of law under the Guidelines, plaintiff failed to show that defendant's actual, spendable income had increased to constitute a change of circumstances.

**[3]** Plaintiff next contends that the switch of the obligation to carry medical insurance for the children from defendant to plaintiff was a change of circumstances. We disagree.

Under the Guidelines, health insurance should be provided by the parent who, through his employer, has the most comprehensive coverage at the least cost. North Carolina Child Support Guidelines C (August 1, 1991). Furthermore, the cost of that insurance coverage "should be deducted from that parent's gross income." *Id.* In this case, the original child custody and support judgment obligated defendant to maintain for the children his medical insurance coverage provided to him through his employer at $322 per month. In the order modifying custody, although defendant only requested a modification of custody based upon plaintiff's move from Henderson to Madison County, the court also took into account her new employment, which enabled her to obtain medical and dental insurance at a more economical cost of $80.19 every two weeks. Therefore, the court ordered a switch of the obligation to provide medical insurance coverage from defendant to plaintiff. The court concluded in the modified custody order that these terms were "fair, reasonable, adequate and necessary[,]" and the parties knowingly and voluntarily consented to the order.

Upon plaintiff's motion in the cause for modification of child support based on the switch in insurance obligation, the trial court concluded that plaintiff could not claim the switch as a change of circumstances because it was "part and parcel of a consent Order which took into account . . . her change of employment, and the problems the parties encountered since the earlier order." We agree that the order modifying custody filed 22 November 1991 amounted to a consent decree between the parties. This Court has stated that

It is generally recognized that decrees entered by our courts in child custody and support matters are impermanent in character and are res judicata of the issue only so long as the facts and circumstances remain the same as when the decree was rendered. The decree is subject to alteration upon a change of circumstances affecting the welfare of the child.

*Tate v. Tate*, 9 N.C. App. 681, 683, 177 S.E.2d 455, 457 (1970).

Although a consent judgment to which the parties have bound themselves is modifiable by the court where it involves the court's inherent authority to protect the interests and welfare of the children of the marriage, plaintiff has failed to show a change in circumstances that affects the welfare of the children. Moreover, she does not even argue how the switch in insurance has affected her ability to pay her portion of child support. Rather, plaintiff merely asserts that defendant's child support obligation "needs to be recalculated based upon this change in maintenance of insurance." Since plaintiff has failed to meet the threshold burden of showing a change in circumstances, we find this assignment of error unpersuasive.

As for plaintiff's remaining assignments of error, we have carefully reviewed them and find them to be without merit.

Affirmed.

Judges JOHNSON and MARTIN, Mark D., concur.