ROBERTA MORTON ELLIS, Plaintiff-Appellee v. WILLIAM FASSOUX ELLIS, Defendant-Appellant

No. COA96-817

(Filed 20 May 1997)

**Divorce and Separation § 439 (NCI4th)— child support—school psychologist—summer recess—income not imputable to father**

In an action to reduce child support based on a substantial reduction in defendant's income, it was error for the trial court to impute income to defendant, a school psychologist, for four weeks of unemployment during summer recess where there was no evidence that defendant intentionally depressed his income or otherwise engaged in bad faith.

**Am Jur 2d, Divorce and Separation §§ 1039, 1041.**

ELLIS v. ELLIS

[126 N.C. App. 362 (1997)]

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

Appeal by defendant from order entered 14 March 1996 by Judge Kimberly S. Taylor in Iredell County District Court. Heard in the Court of Appeals 20 March 1997.

*Massey, Cannon & Smith, by E. Bedford Cannon, for plaintiff-appellee.*

*Pope, McMillan, Kutteh and Simon, P.A., by Pamela H. Simon, for defendant-appellant.*

MARTIN, Mark D., Judge.

Defendant appeals from the trial court's order modifying a prior child support order.

Plaintiff and defendant were married on 30 March 1975, separated on 4 April 1992, and divorced on 8 June 1993. The parties are the parents of two minor children. On 26 August 1992 defendant executed a voluntary support agreement, approved by the district court, where defendant agreed to pay $1,100 per month in child support.

In 1995 Davis Community Hospital advised defendant that the terms of his employment and salary as staff psychologist would be changing dramatically. Defendant sought employment elsewhere, and ultimately accepted a position as a psychologist in the Charlotte-Mecklenburg school system. As a result of his change in employment, defendant's annual income decreased from approximately $68,000 to $44,340.

On 19 October 1995 defendant filed a motion to reduce child support based on his substantial and involuntary decrease in income. After hearing all the evidence, the trial court concluded:

> Defendant has had a substantial and involuntary decrease in his income since entry of the prior court orders. He is not intentionally suppressing his income for the purposes of evading his child-support obligation. Defendant has established a substantial change in circumstances since entry of the prior order, and the court should apply the child-support guidelines to the parties' current circumstances.

> . . . .

Defendant is voluntarily unemployed during the summer vacation from school, although he continues to receive income during that time. Income should not be imputed to him during the one week in June, July and August that he is entitled to have the children with him. Income should, however, be imputed to him for his remaining four weeks of unemployment, and this income should be in addition to the amount he actually earns. Because Defendant is voluntarily unemployed during this period, the court is justified in deviating from the guidelines by adding the imputed income to Defendant's real income. . . .

The trial court, applying Worksheet A of the North Carolina Child Support Guidelines, thereafter reduced defendant's child support obligation to $906 per month.

On appeal defendant contends, among other things, the trial court erred by imputing income to defendant for four weeks during the Charlotte-Mecklenburg school system summer recess.

It is well established that child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified. *Greer v. Greer*, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991). *See also* N.C. Gen. Stat. §§ 50-13.4, -13.7 (1995); *Askew v. Askew*, 119 N.C. App. 242, 244, 458 S.E.2d 217, 219 (1995); *Fischell v. Rosenberg*, 90 N.C. App. 254, 256, 368 S.E.2d 11, 13 (1988). "Additionally, a party's capacity to earn income may become the basis of an award if it is found that the party deliberately depressed [his] income or otherwise acted in deliberate disregard of the obligation to provide reasonable support for [his] child." *Askew*, 119 N.C. App. at 244-245, 458 S.E.2d at 219. *See also* North Carolina Child Support Guidelines, AOC-A-162, p. 2 (effective 1 October 1994) (" 'income' is defined as actual gross income of the parent, if employed to full capacity, or potential income if unemployed or underemployed.").

It is clear, however, that "[b]efore the earnings capacity rule is imposed, it must be shown that [the party's] actions which reduced his income were not taken in good faith." *Askew*, 119 N.C. App. at 245, 458 S.E.2d at 219. *See also Schroader v. Schroader*, 120 N.C. App. 790, 794, 463 S.E.2d 790, 792-793 (1995); *Kennedy v. Kennedy*, 107 N.C. App. 695, 701, 421 S.E.2d 795, 798 (1992); *Fischell*, 90 N.C. App. at 256, 368 S.E.2d at 13; *O'Neal v. Wynn*, 64 N.C. App. 149, 153, 306 S.E.2d 822, 824 (1983), *aff'd*, 310 N.C. 621, 313 S.E.2d 159 (1984). Thus, where the trial court finds that the decrease in a party's income

**ELLIS v. ELLIS**

[126 N.C. App. 362 (1997)]

is substantial and involuntary, without a showing of deliberate depression of income or other bad faith, the trial court is without power to impute income, and must determine the party's child support obligation based on the party's actual income. *See Schroader*, 120 N.C. App. at 794, 463 S.E.2d at 792-793; *Askew*, 119 N.C. App. at 244-245, 458 S.E.2d at 219; *Whitley v. Whitley*, 46 N.C. App. 810, 811-812, 266 S.E.2d 23, 24-25 (1980).

In the present case, defendant testified he worked full-time as a psychologist for the Charlotte-Mecklenburg school system. Although defendant receives a summer pay supplement, he is not required to work seven weeks during the summer recess. Defendant testified he planned to spend three of the seven weeks with his children.

Although acknowledging "a lack of evidence as to the type of work Defendant might obtain during this period," the trial court nonetheless imputed income to defendant "for his [] four weeks of unemployment" during the summer recess and determined this imputed income "should be in addition to the amount he actually earns."

Because there is no evidence that defendant intentionally depressed his income or otherwise engaged in bad faith, the trial court erred by imputing income to defendant for four weeks during the school district summer recess. *See Schroader*, 120 N.C. App. at 794, 463 S.E.2d at 792-793; *Askew*, 119 N.C. App. at 245, 458 S.E.2d at 219.

Accordingly, the trial court's order is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges LEWIS and WYNN concur.