HUNTER, Judge.
Ronnie C. Reaves ("defendant") appeals from an order of the trial court modifying a former child support order and ordering him to pay $1,255.00 in monthly child support payments to his former wife, Iris M. Reaves ("plaintiff"), in support of their two minor children. Defendant contends the trial court erred in averaging defendant's income for the years 2001 and 2002 in order to calculate his monthly child support award, where the trial court did not find that defendant reduced his income in bad faith to avoid or minimize his child support obligation. We agree that the trial court's findings do not support its award, and we therefore reverse and remand the order of child support. On 13 December 1994, defendant and plaintiff entered into a consent judgment in which defendant agreed to pay monthly child support to plaintiff in the amount of $750.00. Defendant subsequently filed a motion to modify child support, which motion came before the trial court on 4 June 2004. After hearing the evidence, the trial court made the following pertinent findings of fact concerning defendant's income:
7. The Defendant's tax return for the year 2000 showed the Defendant had an income of $166,042.00. When the court heard evidence in this matter on March 31, 2003, the Defendant had not filed his 2001 and 2002 tax returns.
. . .
11. The Defendant has filed U.S. Federal Income tax returns showing the Defendant had a gross net income of:
$148,628.00 for the year ending December 31, 2001; and
$54,321.00 for the year ending December 31, 2002.
12. The Defendant has filed with the court under the signature of the Defendant, dated April 15, 2003, a Motion wherein the Defendant stated that in October 2001, the Defendant had heart surgery and was unable to work from October 2001 until April, 2002. That after that time (after April 2002), the Defendant was on a reduced schedule (from work).
13. The Defendant advised the Court in open court that he is now healthy and works full time and did so for the year of 2003.
14. The Defendant has not filed a 2003 U.S. Income Tax return as of June 4, 2004.
15. The Defendant is a licensed attorney working full time and capable of earning more than $54,321.00 per year.
. . .
18. Because the Defendant was ill for a portion of 2002 and when he returned to work, worked a reduced schedule in 2002 and is now healthy and worked a full schedule in 2003, the court determines that the sum of $54,321.00 is not an appropriate sum upon which to base the Defendant's child support payments.
19. The court determines that the appropriate income to determine the Defendant's child support is the average of the Defendant's income for the years 2001 and 2002.
20. The total income for child support purposes to determine the Defendant's child support is the sum of $101,474.00 per year.
Based on its findings, the trial court concluded defendant should pay the sum of $1,255.00 per month in child support. The trial court entered an order accordingly. Defendant appeals. Defendant contends the trial court's findings do not support its order of child support. We agree and therefore reverse and remand the order of the trial court.
Under the Child Support Guidelines, "child support calculations . . . are based on the parents' current incomes at the time the order is entered." N.C. Child Support Guidelines, 2005 Ann. R. N.C. 47, 49. While the Child Support Guidelines provide that "documentation of current income must be supplemented with copies of the most recent tax return to provide verification of earnings over a longer period," id., it is well-established "that child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified." Ellis v. Ellis, 126 N.C. App. 362, 364, 485 S.E.2d 82, 83 (1997). "The court must determine the parent's gross income as of the time the child support order was originally entered, not as of the time of remand nor on the basis of the parent's average monthly gross income over the years preceding the original trial." Lawrence v. Tise, 107 N.C. App. 140, 149, 419 S.E.2d 176, 182 (1992); see also Cook v. Cook, 159 N.C. App. 657, 660, 583 S.E.2d 696, 698 (2003) ("when modifying the amount of a child support obligation, the trial court must generally consider the party's actual income at the time of trial in accordance with the North Carolina Child Support Guidelines").
However, the Child Support Guidelines also provide that:
If either parent is voluntarily unemployed or underemployed to the extent that the parent cannot provide a minimum level of support for himself or herself and his or her children when he or she is physically and mentally capable of doing so, and the court finds that the parent's voluntary unemployment or underemployment is the result of a parent's bad faith or deliberate suppression of income to avoid or minimize his or her child support obligation, child support may be calculated based on the parent's potential, rather than actual, income.
N.C. Child Support Guidelines, 2005 Ann. R. N.C. at 49. Thus, "a party's capacity to earn income may become the basis of an award if it is found that the party deliberately depressed his income or otherwise acted in deliberate disregard of the obligation to provide reasonable support for his child." Askew v. Askew, 119 N.C. App. 242, 244-45, 458 S.E.2d 217, 219 (1995). Before the earnings capacity rule is imposed, however, it must be shown that the party's actions in reducing his income were not taken in good faith. Id.
Thus, where the trial court finds that the decrease in a party's income is substantial and involuntary, without a showing of deliberate depression of income or other bad faith, the trial court is without power to impute income, and must determine the party's child support obligation based on the party's actual income.
Ellis, 126 N.C. App. at 364-65, 485 S.E.2d at 83.
In the case sub judice, defendant failed to submit evidence of his current income at the time of the hearing, in that he had not filed a 2003 tax return as of June 2004, and gave no testimony regarding his current income. His most recent tax return, that of 2002, showed an income of $54,321.00. The trial court found that this sum did not accurately reflect defendant's current income,however, as defendant had been ill and worked a reduced schedule in 2002. Moreover, the trial court found that "the Defendant is a licensed attorney working full time and capable of earning more than $54,321.00 per year." The trial court therefore averaged defendant's income for the years 2001 and 2002 and determined that defendant's income for purposes of his child support obligation was $101,474.00 per year, with a resulting monthly support obligation of $1,255.00. The trial court made no findings, however, that defendant had deliberately decreased his income.
It is unclear from the trial court's findings whether the trial court improperly imposed the earnings capacity rule upon defendant without making appropriate findings regarding defendant's bad faith, or whether the trial court was simply attempting to devise an appropriate method of determining defendant's current income given the lack of evidence therefor. Because we conclude the trial court's order is unclear and unsupported by its findings, we reverse and remand this case to the trial court.[1] On remand,the trial court should receive more evidence regarding defendant's current income, whether by direct testimony or by defendant's income tax returns. The trial court may impose the earnings capacity rule upon defendant only if it finds that defendant has deliberately depressed his income or otherwise demonstrated bad faith. For example, the trial court could impose the earnings capacity rule if it finds that defendant has deliberately failed to file his income tax returns in an effort to avoid submitting data to the trial court regarding his current income level, and thereby avoid or minimize his child support obligations.
In conclusion, we hold the trial court's order modifying the former order of child support is unsupported by the findings. We therefore reverse and remand the order of the trial court.
Reversed and remanded.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).

We also note that the trial court failed to make a finding regarding a substantial change in circumstances justifying modification of the former order of child support. Defendant's motion to modify his child support does not appear in the record, nor is the basis of defendant's motion clear from the transcript of the hearing. The movant seeking modification of a child support order has the burden of demonstrating changed circumstances. McGee v. McGee, 118 N.C. App. 19, 26, 453 S.E.2d 531, 535 (1995). "Whether there has been a substantial change of circumstances is a legal conclusion; as such, it must be supported by adequate findings of fact . . . ." Wiggs v. Wiggs, 128 N.C. App. 512, 514, 495 S.E.2d 401, 403, overruled in part on other grounds by Pulliam v. Smith, 348 N.C. 616, 501 S.E.2d 898 (1998). Although defendant asserts in his brief that "there has never been any finding by the Court in this matter that there had been a change of circumstances justifying a modification of the child support orderinitially entered," defendant did not assign error to the trial court's failure to find a change in circumstances, and does not argue the matter in his brief. We therefore do not consider the issue, but trust this will be appropriately addressed upon remand.